(C.D. 4775)

SANYO ELECTRIC, INC. v. UNITED STATES

Court No. 75-5-01288

Port of Los Angeles

(Dated October 31, 1978)

*Sharretts, Paley, Carter & Blauvelt* (*Patrick D. Gill* of counsel) for the plaintiff.
*Barbara Allen Babcock*, Assistant Attorney General (*David R. Ostheimer*, trial attorney), for the defendant.

MEMORANDUM OPINION AND ORDER

WATSON, Judge: The protest underlying this action protested the classification of the imported merchandise under item 685.50 [1] of the Tariff Schedules of the United States and requested classification under item 685.30 [2] or item 678.50.[3] Thereafter the entry was reliquidated following classification under item 685.30, one of the alternatives requested in the protest. However, plaintiff filed a civil action, seeking classification under its alternative claim of item 678.50.

Defendant has moved to dismiss the action for lack of the jurisdictional prerequisite of the denial of the protest [4] asserting that it has granted the protest in question. Plaintiff responds that the protest was denied in part because one alternative claim was rejected. It seeks to characterize this as the denial in part referred to in 19 U.S.C. section 1514(a)[5] and 28 U.S.C. section 1582(a).[6]

---

[1] Item 685.50, as modified by T.D. 68-9, covers other radiotelegraphic and radiotelephonic transmission and reception apparatus, dutiable at 7½ percent valorem.

[2] Item 685.30, as modified by T.D. 68-9, covers radio-phonograph combinations, dutiable at 6¼ percent ad valorem.

[3] Item 678.50, as modified by T.D. 68-9, covers machines not specially provided for, dutiable at the rate of 5 percent ad valorem.

[4] 28 U.S.C. sec. 1582(c):
The Customs Court shall not have jurisdiction of an action unless * * * a protest has been filed * * * and denied * * *.

[5] 19 U.S.C. sec. 1514(a):
[D]ecisions of the appropriate customs officer * * * shall be final * * * unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Customs Court * * *.

[6] 28 U.S.C. sec. 1582(a):
The Customs Court shall have exclusive jurisdiction of civil actions instituted by any person whose protest * * * has been denied, in whole or in part * * *.

Although plaintiff's argument has a certain facile attractiveness its underlying premise is faulty. It assumes that denial in part arises from a measurement of what is granted against what is requested, that is to say, from a calculation which gives sole consideration to the protest. But this leads to the absurd result that a protest with alternative claims can never be completely granted unless *all* the claims are granted and even the selection of the alternative most favorable to the protesting party would still be a denial in part.

In reality, the proper measure of the extent to which a protest has been denied or granted is the extent to which the protest has resulted in a change of the protested decision. When the decision is entirely changed to conform to a decision sought by the protest, that protest has been completely granted. The only logically consistent way to determine whether a protest has been denied in part is to see whether any part of the protested decision remains in effect.

If a party's preference for a rejected alternative claim is so strong that it wishes to pursue the claim even following the granting of another alternative claim, then its true quarrel is with its own claim and is not cognizable in a civil action designed to resolve disputes regarding decisions of the appropriate customs officer. The proper procedure would be for the party to advance its preferred alternative claim in a new protest against the revised decision following the reliquidation of the entry.

For the above reasons, it is

ORDERED that defendant's motion to dismiss be, and the same hereby is, granted.