**TRANSFLOCK, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 88–12–00953.

United States Court of International Trade.

May 24, 1991.

Barnes, Richardson & Colburn, Melvin E. Lazar, New York City, for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Civ. Div., U.S. Dept. of Justice, John J. Mahon, New York City and Susan Burnett Mansfield, Washington, D.C., for defendant.

DiCARLO, Judge:

The United States Customs Service moves to dismiss for lack of subject matter jurisdiction. Plaintiff opposes Customs' motion and cross moves for an order compelling Customs to file its answer. The Court grants Customs' motion.

This action involves three protests in which plaintiff challenged Customs' classification of its merchandise under item 389.-62, Tariff Schedules of the United States (TSUS). In Protest No. 2809–7–002078 and Protest No. 2809–7–002000, plaintiff claimed classification under item 273.75, TSUS or under item 256.87, TSUS. Customs reliquidated the merchandise under item 256.87, TSUS, and plaintiff did not protest reliquidation.

In Protest No. 2809–7–001790, plaintiff protested Customs' classification of the same merchandise under 389.62, TSUS, but claimed classification only under item 273.-75, TSUS. Customs reliquidated the merchandise under item 256.87, TSUS, and plaintiff did not protest reliquidation.

■ Plaintiff claims the Court has jurisdiction over the entries at issue in Protest Nos. 2809–7–002078 and 2809–7–002000 under 28 U.S.C. § 1581(a) (1988), which provides the court "shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part ..." Plaintiff argues the Court has jurisdiction over the entries at issue in those protests because Customs' rejection of one of its alternative claims was a "denial in part."

The court rejected plaintiff's argument in *Sanyo Elec., Inc. v. United States*, 81 Cust.Ct. 114, 115, C.D. 4775 (1978), where the court held "[w]hen [Customs'] decision is entirely changed to conform to a decision sought by the protest, that protest has been completely granted. The only logically consistent way to determine whether a protest has been denied in part is to see whether any part of the protested decision remains in effect." The court suggested "[i]f a party's preference for a rejected alternative claim is so strong that it wishes to pursue the claim ... [t]he proper procedure would be for a party to advance the preferred alternative in a new protest ... following the reliquidation of the entry." *Id.* Therefore, the Court holds it does not have jurisdiction over the entries at issue in Protest Nos. 2809–7–002078 and 2809–7–002000.

■ Next, plaintiff argues the Court has jurisdiction over the entries at issue in Protest No. 2809–7–001790 because Customs impliedly denied plaintiff's protest by reliquidating the merchandise under item 256.-87, TSUS. Unlike the other two protests involved in this action, in Protest No. 2809–7–001790 plaintiff claimed only that the merchandise was properly classifiable under item 273.75, TSUS. Since Customs reliquidated under a provision which plaintiff did not assert, Customs effectively denied the protest and made a protest of reliquidation unnecessary.

A protest must be filed "within 90 days after but not before ... notice of liquidation or reliquidation." 19 U.S.C. § 1514(c)(2)(A) (1988). If no timely protest is filed, reliquidation becomes final and conclusive against all parties under 19 U.S.C. § 1514(a) (1988). Since reliquidation is the final protestable action by Customs, *see United States v. Parkhurst & Co.*, 12 Ct. Cust.App. 370, 372–73, T.D. 40,522 (1924), section 1514(c)(2)(A) generally requires an importer to file a protest challenging reliquidation in order to seek judicial review of the reliquidation. Since plaintiff has not shown this action is unusual or unique or advanced any other reason for the Court to dispense with the statutory requirement, the Court holds it does not have jurisdiction over the entries at issue in Protest No. 2809–7–001790.

Plaintiff relies upon *Philip Morris U.S.A. v. United States*, 907 F.2d 158 (table) (Fed.Cir.1990) (decision without published opinion), despite the fact that the slip opinion is prefaced with the clear statement that "[i]t is not citable as precedent." *Philip Morris U.S.A. v. United States*, No. 89–1712, slip op. at 1 (Fed.Cir. June 13, 1990), 907 F.2d 158. (table) Plaintiff acknowledges the case is not citable as precedent, but states the case does reflect upon the merits of its position in this action. Plaintiff's Memorandum In Support Of Its Cross Motion In Opposition To Defendant's Motion To Dismiss For Lack Of Jurisdiction, 4. The Court is concerned that plaintiff relies upon a case which the Federal Circuit has determined may not be cited as precedent. *See* Fed.Cir.R. 47.8(c). Consequently, the Court will not consider plaintiff's argument.

The Court finds Customs' reliquidation under plaintiff's alternative classification in Protest Nos. 2809–7–002078 and 2809–7–002000 was not a denial in part of plaintiff's protests. The Court also finds plaintiff was required to protest Customs' reliquidation in order to obtain judicial review of the entries at issue in Protest No. 2809–7–001790. Therefore, the Court denies plaintiff's motion compelling Customs' answer and grants Customs' motion to dismiss. This action is dismissed.