**NOVELL, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Slip Op. 97–144.
Court No. 95–02–00130.**

United States Court of
International Trade.

Oct. 10, 1997.

George R. Tuttle, APC (George R. Tuttle, III), San Francisco, CA, for Plaintiff.

Frank W. Hunger, Assistant Attorney General, Washington, DC, Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, (Saul Davis), New York City, for Defendant.

### *OPINION and ORDER*

GOLDBERG, Judge.

This matter is before the Court on the defendant's motion to sever and dismiss plaintiff's appraisement claim for lack of subject matter jurisdiction pursuant to USCIT Rule 12(b)(1). Defendant argues that the Court lacks jurisdiction over this claim because the plaintiff failed to protest the reliquidation of the entries at issue, and that as a result, pursuant to 19 U.S.C. § 1514 (1994), the reliquidation became final and conclusive on all of the parties. Plaintiff counters that because part of the original liquidation was undisturbed by the reliquidation, this Court still has jurisdiction over its appraisement claim. The Court is unpersuaded by the plaintiff's analysis, and for the following reasons, grants the defendant's motion to sever and dismiss.

### BACKGROUND

On January 11, 1991, the defendant, the United States Customs Service ("Customs"), initially appraised and liquidated three entries of merchandise imported by the plaintiff, Novell, Inc. ("Novell"), at a value of $2,000.00 per unit, under item 676.15 of the Tariff Schedule of the United' States, at a duty rate of 3.9%. Cust. HQ Rul. 544835 at 2 (June 15, 1994).

Novell then filed a timely protest, contesting the original liquidation on two levels. First, Novell criticized how Customs appraised the merchandise. Arguing that the $2,000.00 figure was erroneous, Novell advanced two alternative values that it believed were more accurate: either (a) $1,154.00 per unit, reflecting the price that the seller of the merchandise, Micro Five Corporation, paid to the manufacturer of the merchandise, Samsung Electronics; or (b) $1,350.00 per unit, reflecting the price that Novell paid Micro Five Corporation for the merchandise. Protest No. 330391–100022, Attached Text at 1. (Apr. 11, 1991). Second, Novell argued that Customs improperly found some of its imported merchandise ineligible for duty-free treatment under the Generalized System of Preferences ("GSP"), 19 U.S.C. §§ 2461–2466 (1988 & Supp.1990). *Id.*

After reviewing the protest, Customs granted it in part, and denied it in part. Cust. HQ Rul. 544835. Specifically, Customs appraised the merchandise using Novell's second proposed alternative value, namely the price that Novell paid Micro Five Corporation for the merchandise. However, it still found that the entries were not entitled to duty-free entry under the GSP. *Id.* at 4. Customs then reliquidated the merchandise accordingly.

Importantly, after the reliquidation, Novell never filed a protest disputing how Customs reliquidated the entries. Instead, it filed suit in this Court, arguing that Customs should have appraised the merchandise using its first proposed alternative value, *i.e.*, the price that Micro Five Corporation paid Samsung Electronics for the merchandise.[1] Customs

---

1. Although the original summons noticed the proper protest, and thereby included both the appraisement claim and the GSP claim, Novell only raised the appraisement claim in its original

responded by filing the instant motion to sever and dismiss the appraisement claim for lack of subject matter jurisdiction.

## DISCUSSION

■ The Court of International Trade is a court of limited subject matter jurisdiction. Before this Court may adjudicate a civil action that challenges how Customs has liquidated or reliquidated an entry, the party bringing the action must first file a protest with the Customs Service within ninety days after either the notice of the liquidation or reliquidation, or under certain circumstances, after the date of the decision that is being protested. *See* 28 U.S.C. § 1581(a) (1994); 19 U.S.C. § 1514 (1994). The Court's jurisdiction is limited to those civil actions that contest the denial, either in whole or in part, of a protest. 28 U.S.C. § 1581(a). Drawing on this provision, Novell argues that the Court has jurisdiction over the entries at issue in the protest because when Customs rejected one of Novell's alternative proposed values, Customs denied the appraisement claim in the protest "in part."

■ In previous cases, the court has refused to embrace Novell's interpretation of "denial in part." *See, e.g., Board of Trustees of Leland Stanford Junior Univ. v. United States,* —— CIT ——, ——, 948 F.Supp. 1072, 1075 (1996) ("*Leland Stanford*"); *Mitsubishi Elec. Am., Inc. v. United States,* 18 CIT 929, 931, 865 F.Supp. 877, 879 (1994); *Transflock, Inc. v. United States,* 15 CIT 248, 249, 765 F.Supp. 750, 751 (1991); *Sanyo Elec., Inc. v. United States,* 81 Cust. Ct. 114, 115, C.D. 4775 (1978). These cases establish that when Customs changes its decision " 'to conform to a decision sought by a protest, that protest has been completely granted.' " *Transflock,* 15 CIT at 249, 765 F.Supp. at 751 (quoting *Sanyo Elec.,* 81 Cust. Ct. at 115). Consequently, when a party still wishes to advance its preferred alternative claim after Customs has reliquidated the entries at issue, the

party should not file a civil action in this court, but should instead "advance its preferred alternative claim in a new protest against the revised decision following the reliquidation of the entry." *Sanyo Elec.,* 81 Cust. Ct. at 115.

Unsurprisingly, Novell attempts to distance itself from this line of cases. In essence, Novell seeks to construct a dichotomy between a protest that challenges how an entry is appraised, and a protest that challenges how an entry is classified.

Specifically, Novell contends that unlike a classification decision, a valuation decision consists of two related, but independent, steps. In step one, Customs chooses the statutory method it will use to appraise the merchandise, and in step two, Customs applies its chosen method to derive a final value. Pl.'s Resp. to Def.'s Mot. Dismiss for Lack of Jurisdiction at 7–9 (citing 19 U.S.C. § 1500(a) and 19 U.S.C. § 1401a). As a result, a protest may simultaneously challenge both (a) the methodology chosen by Customs, and (b) how Customs has applied it. Novell argues that in its protest, it challenged the original liquidation on both of these levels. In particular, Novell characterizes its first alternative value, the price that Micro Five Corporation paid to Samsung Electronics, as a challenge to Customs chosen methodology. Novell characterizes its second alternative value, the price that Novell paid Micro Five Corporation, as a challenge to how Customs applied its chosen methodology. *Id.* at 10.

Drawing on *Atari Caribe, Inc. v. United States,* 16 CIT 588, 799 F.Supp. 99 (1992), Novell then posits that because Customs responded to its protest by selecting the second alternative value, Customs reliquidated the entries at issue without changing the underlying methodology. As a result, according to Novell, part of the original decision survived, and the appraisement portion of the protest was denied in part. *Id.* at 12 (citing *Atari*

complaint. Compl. However, after Customs filed the instant motion to dismiss, Novell sought to amend the summons and to file an amended complaint in order to assert the GSP claim. Pl.'s Mot. to Amend Summons & to File an Am. Compl. Customs has consented to the motion, and concedes that the Court has jurisdiction over

the GSP claim. Def.'s Resp. to Pl.'s Mot. to Amend Summons & to File an Am. Compl. Consequently, the Court now treats the instant motion as a motion to sever and dismiss the appraisement claim for lack of jurisdiction, and it does not further discuss the GSP claim.

**124**

*Caribe*, 16 CIT at 592, 799 F.Supp. at 104). Thus, Novell concludes that notwithstanding the classification cases, this Court has jurisdiction to review the appraisement claim under 28 U.S.C. § 1581(a). *Id.* at 5.

The Court finds Novell's characterization of both the applicable case law and the relevant statutes intriguing. Novell correctly notes that 19 U.S.C. § 1500(a) directs Customs to appraise the imported merchandise using one of the valuation methodologies outlined in 19 U.S.C. § 1401a. Pl.'s Resp. to Def.'s Mot. Dismiss for Lack of Jurisdiction at 8; *see* 19 U.S.C. § 1500(a). Title 19 U.S.C. § 1401a, in turn, delineates those methodologies that Customs may use to appraise imported merchandise. Arranged by statute in descending hierarchal order, these methodologies are 1) the transaction value of the merchandise; 2) the transaction value of identical merchandise; 3) the transaction value of similar merchandise; 4) the deductive value of the merchandise; 5) the imputed value of the merchandise; and 6) if none of the preceding methodologies suffices, a methodology that is reasonable. *See* 19 U.S.C. § 1401a(a).

Novell is also correct that a protest could simultaneously challenge both Customs' decision to use one methodology instead of another, and how Customs has used its chosen methodology to appraise the imported merchandise. However, on the facts before it today, the Court declines to rule on whether a protest that raises both grounds has been denied in part when Customs reliquidates without changing the chosen methodology.

Instead, after reading Novell's Protest and Application for Further Review, the Court finds that Novell failed to challenge both the methodology that Customs chose, and how Customs used its chosen methodology to appraise Novell's merchandise. Rather, the Court concludes that Novell merely challenged how Customs applied its chosen methodology by offering two alternative final values which Novell calculated using the same methodology that Customs used in the original liquidation. In short, in its protest, No-

vell did not advance a different statutory methodology for Customs to use to appraise the imported merchandise. Consequently, the instant case closely parallels the classification cases, and this Court lacks subject matter jurisdiction.

More concretely, when Customs originally liquidated the entries at issue, Customs chose to appraise the merchandise using the transaction value methodology,[2] and, using this method, derived a value of $2,000.00 per unit. *See* Cust. HQ Rul. 544835 at 2. Significantly, in its Protest And Application For Further Review, Novell never quarreled with Customs' decision to use the transaction value method, the first methodology in the statutory hierarchy. Instead, Novell only challenged how Customs applied the transaction value methodology, arguing that Customs had erroneously determined the price of the merchandise when it was sold for exportation to the United States. Protest No. 330391–100022, Attached Text at 6, 10–24. In doing so, Novell offered two alternative prices that if felt were more accurate:

> [P]rotestant claims that the merchandise should have been appraised either at the entered value of $1,154.00 each, which represents the value of the imported merchandise as sold by the foreign seller to the U.S. order party, or at $1,350.00 each, the sales price from Micro Five to Novell.

*Id.* at 1; *accord id.* at 5 (emphasis added) ("Issue: Whether the proper basis for appraisement for purposes of determining *transaction value* is the sales price per unit between the U.S. order party to the foreign manufacturer, the sales price between the protestant and the U.S. order party, or the sales price between the protestant and its customers.").

To be sure, Novell made clear that of the two proposed alternatives, it favored the one with the lowest value. Nevertheless, Novell discussed both alternatives under the rubric of transaction value. Hence, in its protest, Novell did not articulate a two prong attack against Custom's final appraisement decision;

---

**2.** By statute, "the transaction value of imported merchandise is the price actually paid or payable for the merchandise when sold for exportation to

the United States," plus packing costs, commissions, royalty or license fees, etc. 19 U.S.C. § 1401a(b)(1).

it focused only on how Customs applied the transaction value methodology.

As a result, the Court finds this situation analogous to the one presented by a protestant that challenges how Customs has classified imported merchandise by proffering two alternatives. Hence, under both the applicable case law and the facts of this case, the Court is unable to review Novell's appraisement claim because Novell failed to protest the reliquidation of the entries at issue in accordance with 19 U.S.C. § 1514. 28 U.S.C. § 1581(a); *Leland Stanford,* —— CIT at ——, 948 F.Supp. at 1075; *Transflock,* 15 CIT at 249, 765 F.Supp. at 751.

## CONCLUSION

For the foregoing reasons, the Court holds that the plaintiff's appraisement claim is severed and dismissed. So ordered.