**Slip Op. 02-137**

# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: GREGORY W. CARMAN, CHIEF JUDGE

|  |  |
|---|---|
| AUTOALLIANCE INTERNATIONAL, INC.<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendant. | Court No. 01-01070 |

[Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is granted in part and denied in part. Plaintiff's claim for review regarding valuation is severed and dismissed for lack of subject matter jurisdiction. Plaintiff's claim for review regarding classification is limited to the issue of classification of the subject merchandise as functional units. Plaintiff's Motion for Oral Argument, Or In The Alternative, Leave To File A Sur-Reply Memorandum is denied.]

Dated: November 22, 2002

*Baker & Hostetler, LLP* (*Shelby F. Mitchell*), Washington, D.C., for Plaintiff.

*Robert D. McCallum, Jr.*, Assistant Attorney General; *John J. Mahon*, Acting Attorney in Charge, International Trade Field Office; *Harry A. Valetk*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; *Yalena Slepak*, Of Counsel, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs Service, for Defendant.

**OPINION**

**CARMAN, CHIEF JUDGE**: Pursuant to U.S. CIT R. 12(b)(1), the defendant, the United States, moves to dismiss this action for lack of subject matter jurisdiction. Defendant argues that because the plaintiff, AutoAlliance International, Inc. ("AAI"), failed to file a summons in this Court challenging the partial denial of the protests to the original liquidation, the original liquidation of the subject merchandise has become final and conclusive. Plaintiff opposes Defendant's motion asserting that this Court has subject matter jurisdiction under 28 U.S.C. § 1581(a) (2000). This Court has jurisdiction to resolve this question under 28 U.S.C. § 1581(a). For the following reasons, Plaintiff's valuation claim is severed and dismissed and Plaintiff's classification claim is limited to review of the United States Customs Service's ("Customs") choices to classify the subject merchandise as functional units. Plaintiff's Motion for Oral Argument or in the Alternative, Leave to File a Sur Reply is denied.

**BACKGROUND**

In September and October 1991, AAI imported nine shipments of automobile production machinery consisting of welding machines and related equipment. (Pl.'s Summons, Form 1-1.) After extending the time for liquidation, Customs finally liquidated the subject entries on August 11, 1995. (Def.'s Mem. in Supp. of Mot. to Dismiss at 1 ("Def.'s Br."); Pl.'s Opp. to Def.'s Mot. to Dismiss at 3 ("Pl.s' Br.").) At liquidation, Customs classified the various pieces of imported equipment as separate items of equipment. (Pl.'s Summons, Form 1-2.) Additionally, in accordance with a 1995 Headquarters Ruling,[1] Customs applied a value advance for "design and

---

[1] United States Customs Service Headquarters Ruling Letter No. 544694 (February 14, 1995) held that payments made to a foreign seller for design and development expenses associated with automobiles manufactured in a Foreign Trade Subzone with imported

development" costs ("Value Advance") in the calculation of the dutiable value of items classified under Subheading 8428.90 of the Harmonized Tariff Schedule of the United States ("HTSUS") and Subheading 7308.90 of the HTSUS. (*Id.*)

Following the liquidation, AAI filed two protests, Protest Nos. 1101/95-100680 and 1101/95-100704 ("Initial Protests") (Pl.'s Compl. Ex. C and D.)  The Initial Protests challenged the original liquidation on two separate grounds.  First, AAI challenged Customs' classification and presented two alternative classification approaches: 1) that all of the merchandise should have been classified as a single "macro" functional unit of welding equipment; or 2) that the merchandise should be classified by job numbers as multiple functional units of welding equipment or functional units of material handling equipment.  (*Attachment B in Support of Initial Protest No. 1101/95/100704*, Pl.'s Compl. Ex. D at 2-4.)  Second, AAI challenged the application of the Value Advance to the subject merchandise.  (*Id.* at 12-16.)  Specifically, AAI argued that the research and development costs associated with automobile parts, the subject of the 1995 Headquarters Ruling, did not apply to the production machinery at issue. (*Id.*)

In response to the Initial Protests, Customs formally issued Headquarters Ruling Letter No. 960755 ("HQ 960755") on October 10, 2000.  (Pl.'s Compl. Ex. E.)  Customs ruled that AAI's classification arguments were:

> "ALLOWED in PART and DENIED in PART; consistent with this ruling (liquidated classification of article properly classifiable in another provision will result in reliquidation only if the proper classification is at a rate lower of duty than the liquidated classification; if the proper classification is at the same or higher rate of duty than the liquidated classification, the liquidation rate of duty may not be changed (19 U.S.C. 1515(a)).
> (HQ 960755, Pl.'s Compl. Ex. E at 15.)

---

components were part of the dutiable value of the imported components. (Pl.'s Compl. Ex. A.)

Customs further ruled that,

> Pursuant to [the 1995 Headquarters Ruling], the value advance for research and development cost is proper. With regard to this issue, the protest is denied. (*Id*.)

As to the classification issue, Customs rejected AAI's claim that all of the merchandise constituted one "macro" functional unit. (*Id*. at 6-7.) Customs agreed that most of the merchandise was classifiable as functional units of welding equipment or functional units of material handling equipment under HTSUS headings 8515 or 8428. (*Id*. at 7-14.) However, Customs held that certain items, such as safety fences, material handling jigs, and gauges, did not constitute parts of any functional unit and reaffirmed the original classification of these separate items. (*Id*.) Customs rejected AAI's entire argument as to the Value Advance issue and stated that the 1995 Headquarters Ruling controlled. (*Id*. at 3-4.)

Accordingly, Customs reliquidated the entries on October 27, 2000. (Pl.'s Summons, Form 1-1.) At reliquidation, Customs changed the classification of most of the subject merchandise in accordance with AAI's proposed multiple functional units classification approach which resulted in a recalculation of the total duties owing. (Def.'s Br. at 4; Pl.'s Br. at 6.) However, Customs did not change the classification of certain items, such as the safety fences, material handling jigs, and gauges. (Def.'s Br. at 5; Pl.'s Br. at 5.) Further, Customs applied the Value Advance as it had in the original liquidation. (*Id*.)

AAI filed a protest to the reliquidation ("Reliquidation Protest") on January 25, 2001. (Pl.'s Compl. Ex. F.) AAI argued in the Reliquidation Protest that Customs should have classified all of the merchandise as a single functional unit or that Customs should have included

the safety fences, gauges, material handling jigs, etc. in the classification as parts of functional units of welding equipment or material handling equipment. (*Attachment B in Support of Reliquidation Protest No. 1101-01-100053* at 2-3, Pl.'s Compl. Ex. F at 8-9.) Further, AAI reasserted its argument that Customs improperly applied the Value Advance to the entries. (*Id.* at 4-8, Pl.'s Compl. Ex. F at 10-14.)

Customs denied AAI's Reliquidation Protest on June 12, 2001. (Pl.'s Summons, Form 1-1.) Although filed within the requisite 90 days after reliquidation, Customs did not address the merits of AAI's Reliquidation Protest; rather, Customs denied the protest as "Untimely Filed." (Pl.'s Summons, Form 1-2.) AAI then filed a summons in this Court on December 6, 2001 challenging the denial of the Reliquidation Protests. The summons was filed within 180 days of the denial of the Reliquidation Protests and almost 14 months after Customs issued its decision on the Initial Protests.

### STANDARD OF REVIEW

The burden of establishing jurisdiction lies with the party seeking to invoke this Court's jurisdiction. *Old Republic Ins. Co. v. United States*, 741 F. Supp. 1570, 1573 (Ct. Int'l Trade 1990) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). In this case, AAI bears the burden of establishing jurisdiction. If a Rule 12(b)(1) motion to dismiss challenges subject matter jurisdiction based on the sufficiency of a party's pleadings, then those pleadings are construed in a light most favorable to that party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). However, if the Rule 12(b)(1) motion challenges the factual allegations of jurisdiction in the party's pleadings, the movant is deemed to be questioning the factual basis for the court's subject matter jurisdiction. *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813

F.2d 1553, 1558-59 (9th Cir. 1987) (referencing CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1563, at 653-54 (1969)). In such a case, the allegations in the complaint are not controlling and only the uncontroverted facts are accepted as true. *Id.*; *see also Power-One, Inc. v. United States*, 83 F. Supp. 2d 1300, 1303 (Ct. Int'l Trade 1999) (quoting *Cedars-Sinai Med. Cntr. v. Walters*, 11 F. 3d 1573, 1583-84 (Fed. Cir. 1993)). All other facts underlying the controverted jurisdiction are in dispute and are subject to fact-finding by this Court. *Power-One, Inc.*, 83 F. Supp. at 1308.

In the present case, Defendant's Rule 12(b)(1) motion to dismiss challenges the basis of AAI's allegations of jurisdiction. Specifically, Customs is questioning AAI's assertion that this action is timely and properly before this Court. Only the uncontroverted facts will be accepted as true.

If, after a review of the pleadings and extrinsic evidence, any doubt remains whether this Court has jurisdiction to hear this action, the Court will refrain from granting Defendant's motion to dismiss. *See Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed. Cir. 1989) (stating that a complaint should only be dismissed if the plaintiff cannot prove any set of facts that would entitle the plaintiff to relief (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957))).

**PARTIES' CONTENTIONS**

A. *Defendant's Contentions*

Defendant argues that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1581(a) because AAI's claim is untimely. (Def.'s Br. at 5.) Defendant asserts that this Court lacks jurisdiction because AAI failed to commence an action within 180 days after Customs

partially denied the Initial Protests in HQ 960755. (*Id*.) Defendant emphasizes the language in 28 U.S.C. § 2636(a)(1) which states that "[a] civil action contesting the denial, in whole or in part, of a protest under section 515 of the Tariff Act of 1930" must be "commenced within one hundred and eighty days after the date of mailing of notice of denial of a protest." (*Id*. at 6-7.) Defendant contends that Customs "denied in part" the Initial Protests on October 10, 2000. (*Id*. at 7.) Therefore, Defendant argues, Plaintiff waived any objection to that partial denial because Plaintiff did not file a summons with this Court within 180 after Customs ruled on the Initial Protests. (*Id*.) Defendant concludes that because more than 180 days have elapsed since October 10, 2000, Customs' decision in HQ 960755 is final and this Court is without jurisdiction to hear Plaintiff's claims. (*Id*.)

Additionally, Defendant argues that even if AAI properly waited until after reliquidation to file an action with this Court, AAI's Reliquidation Protest is invalid. (*Id*. at 11.) Defendant asserts that without a valid protest, AAI has no basis upon which to file a summons to invoke this Court's jurisdiction. (*Id*. at 12.) Defendant asserts that AAI's Reliquidation Protest is invalid because: 1) the Reliquidation Protest constitutes an invalid re-protest of the same issues raised in the Initial Protests; and 2) the Reliquidation Protest raises issues that were not involved in the reliquidation. (*Id*. at 11-12.)

First, Defendant cites to 19 U.S.C. § 1514(c)(1) which states that "[o]nly one protest may be filed for each entry of merchandise . . . ." Defendant alleges that Plaintiff violates § 1514(c)(1)'s one protest rule by reasserting the same arguments contained in the Initial Protests in the Reliquidation Protest. (*Id*. at 7, 11.) Defendant contends that AAI's Reliquidation Protest merely repeats the same arguments that Customs denied in the Initial Protests and therefore, the

Reliquidation Protest is invalid under § 1514(c)(1). (*Id*. at 13.)

Second, Defendant argues that the Reliquidation Protest raised issues that were not involved in the reliquidation. (*Id*. at 7, 11.) Defendant contends that under 19 U.S.C. § 1514(d), "[t]he reliquidation of an entry shall not open such entry so that a protest may be filed . . . upon any question not involved in such reliquidation." (Def.'s Br. at 7, 11.) Defendant also references Customs Regulation § 174.16 which states that "a protest shall not be filed . . . on reliquidation upon any question not involved in the reliquidation." (Def.'s Br. at 7) (citing 19 C.F.R. § 174.16. (2000).) According to Defendant, the reliquidation only involved the approved aspects of the Initial Protests and left untouched the denied aspects of the Initial Protests. (*Id*. at 11.) Defendant claims that under § 1514(d), a protest following the reliquidation could only raise issues regarding the parts of the Initial Protests that were approved. (*Id*. at 11-12.) Defendant insists that Plaintiff did just the opposite in the Reliquidation Protest and instead challenged the parts of the Initial Protests that were denied. (*Id*. at 12.) Defendant maintains that AAI's Reliquidation Protest invalidly raised issues that were denied in the Initial Protests. (*Id*.) Accordingly, Defendant argues, AAI's Reliquidation Protest fails to meet the statutory and regulatory requirements and is an invalid basis upon which AAI could file a summons in this Court. (*Id*. at 11.)

Defendant also explains Customs' rejection of the Reliquidation Protest as "untimely filed." (*Id*. at 12-13.) According to Defendant, Customs rejected the Reliquidation Protest as untimely because the protest "only objected to the issues denied in [the] first protests." (*Id*.) Defendant reasons that since these issues were not involved in the reliquidation, AAI could not timely raise them in a protest to the reliquidation. (*Id*. at 13.)

Defendant concludes by asserting that the 180-day time limit under § 2636(a)(1) began to run when Customs issued its ruling on the Initial Protests. (*Id*. at 14.) Therefore, AAI's waived its right to judicial review by failing to commence an action within 180 days of Customs' ruling on the Initial Protests. (*Id*.) Customs asserts that because an action was not commenced within that time period, under 19 U.S.C. § 1514(a), the liquidation of the entries has become final and conclusive against AAI. (*Id*. at 11-12.) Customs maintains that because AAI failed to file a summons after the original liquidation, this Court lacks subject matter jurisdiction to review the valuation and classification of the subject entries. (*Id*.)

B. *Plaintiff's Contentions*

Plaintiff argues that this Court has subject matter jurisdiction under 19 U.S.C. § 1581(a) which grants exclusive jurisdiction to this Court over any civil action commenced to contest the denial of a protest in whole or in part. (Pl.'s Br. at 8.)

First, AAI contends that case law requires an importer to file a protest to a reliquidation in order to invoke this Court's jurisdiction. (*Id*. at 1, 8.) Plaintiff reasons that the reliquidation vacated the entire original liquidation and therefore the only Customs action from which AAI was able to file a summons in this court was the denial of the Reliquidation Protest in June 2001. (*Id*. at 10.) AAI asserts that under case law, an importer is required to file a protest to a reliquidation before filing a summons in this Court. (*Id*. at 9.) According to Plaintiff, Customs reliquidated the entries in their entirety and thus the reliquidation vacated and extinguished the original liquidation of the subject merchandise and the reliquidation became the final protestable action by Customs. (*Id*. at 10.) Plaintiff argues that the Reliquidation Protest was a jurisdictional prerequisite to AAI's filing a summons in this Court. (*Id*.)

Secondly, AAI refutes Customs' argument that the Reliquidation Protest is invalid under 19 U.S.C. § 1514(d). (*Id*. at 10.) Section 1514(d) states that "[t]he reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the Customs Service upon any question not involved in such reliquidation." AAI argues that the defendant misinterprets § 1514(d) and that the statute should not be applied to the facts of this case. (*Id*.) Under Plaintiff's interpretation, § 1514(d) only applies in cases of "serial protests." (*Id*. at 11.) In other words, AAI contends that § 1514(d) applies in cases where the importer is attempting to use the reliquidation protest as a means to challenge a new aspect of the initial liquidation. (*Id*. at 11-12.) Plaintiff contends that § 1514(d) merely prevents importers from filing a protest to a reliquidation that raises issues that should have been raised in the initial protests. (*Id*. at 12.) AAI contends that § 1514(d) has no application because its Reliquidation Protest does not attempt to raise any new issues that were not previously raised in the Initial Protests. (*Id*. at 14.) Thus, § 1514(d) does not invalidate AAI's claim. (*Id*.)

Plaintiff maintains that even if § 1514(d) applies to the present case, the reliquidation "involved" the issues of classification and the Value Advance such that the entire entry was open to re-protest. (*Id*. at 14-15.) Specifically, AAI notes that Customs reclassified almost all of the subject merchandise and reapplied the Value Advance in the recalculation of the total amount of duties owing on the entries. (*Id*. at 15.) AAI declares that Customs' actions in the reliquidation nullified every aspect of the original liquidation such that the Reliquidation Protest satisfies § 1514(d)'s requirement that a protest only raise questions "involved in such reliquidation." (*Id*.) Plaintiff asserts that as a matter of law, the Reliquidation Protest was necessary to vest subject matter jurisdiction with this Court. (*Id*.)

Lastly, Plaintiff argues that the notions of fairness and equity estop Customs from arguing that this action is barred. (*Id*.) AAI contends that Customs purposefully delayed ruling on the Reliquidation Protest allegedly making "it virtually impossible" for AAI to file a timely summons in this case within 180 days of Customs' ruling on the Initial Protests. (*Id*.) Although Customs decided the Reliquidation Protest well within the 2-year recommended time frame, AAI argues that Customs acted in an "arbitrary and unreasonable" manner by not ruling on the Reliquidation Protest until the time for filing a summons on the Initial Protests had run. (*Id*. at 16.) AAI claims that filing a summons prior to Customs' ruling on the Reliquidation Protest would have been premature and a failure to exhaust its administrative remedies. (*Id*.)

AAI concludes that it was required to protest the reliquidation and based upon Customs' allegedly dilatory conduct, AAI could not have invoked this Court's jurisdiction within the 180-day period the Government claims the suit should have been brought. (*Id*. at 16-17).

ANALYSIS

The issue before this Court is whether the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(a). Under 28 U.S.C. § 1581(a), this Court "has exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930 [the Act]." Codified at 19 U.S.C. § 1515(a) (1994), section 515(a) of the Act provides, "the appropriate customs officer, within two years from the date a protest was filed in accordance with section 514 of this Act, shall review the protest and shall allow or deny such protest in whole or in part."

It is well settled that the United States is immune from suit unless it consents to be sued.

*United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Such a waiver of sovereign immunity "must be unequivocally expressed" in the statute and will be "strictly construed . . . in favor of the sovereign." *Sherwood*, 312 U.S. at 590; *see also Lane v. Pena*, 518 U.S. 187, 192 (1996).

The United States' sovereign immunity is abrogated under 28 U.S.C. § 2636(a)(1) to provide this Court with jurisdiction over any "civil action contesting the denial, in whole or in part, of a protest under section 515 of the Tariff Act of 1930" so long as the action is "commenced . . . within one hundred and eighty days after the date of mailing of notice of denial of a protest under section 515(a) of such Act." In order to bring suit against the United States, AAI must meet the terms of § 2636(a) and file a summons in this Court within 180 days of a denial, in whole or in part, of their protest. The facts are uncontroverted as to the series of protests and decisions that took place between AAI and Customs. There is no dispute between the parties that AAI did not file a summons in this Court with respect to Customs' ruling on the Initial Protests. The argument centers around whether or not Customs' ruling on the Initial Protests was a denial "in whole, or in part" of AAI protests within the meaning of § 2636(a) such that AAI should have filed a summons in this Court after the ruling. Applying the language of § 2636(a), if the Initial Protests were denied in whole or in part, AAI was required to commence suit within 180 days after Customs' ruling on those protests.

When determining jurisdiction under 28 U.S.C. § 1581(a) over "any civil action commenced to contest the denial of a protest, whole or in part," this Court has held that Customs' response on the protest form is not dispositive and "[t]he court must look to what Customs actually did." *Board of Trs. of Leland Stanford Junior Coll. v. United States*, 948 F. Supp. 1072,

1074 (Ct. Int'l Trade 1996). In order to determine if a protest has been denied or approved, the Court must examine "the extent to which the protest has resulted in a change of the protested decision." *Sanyo Elec., Inc. v. United States*, 81 Cust. Ct. 114, 115 (1978). Additionally, this Court has held that Customs leaves the substance of a protest open if Customs does not specifically deny it. *See Wolff Shoe Co. v. United States*, 861 F. Supp. 133, 134 (Ct. Int'l Trade 1994). If a denied protest is not properly challenged in this Court, § 1514(a) states that the decision of Customs including "the liquidation or reliquidation of an entry . . . shall be final and conclusive upon all persons." 19 U.S.C. § 1514(a).

This Court finds that AAI's Initial Protests were denied in part as to the issues of the Value Advance and the classification of the safety fences, material handling jigs, gauges, etc. as parts of functional units. AAI failed to file a summons in this Court within 180 days after Customs' ruling on the Initial Protests, and thus, under the mandate of § 2636(a), AAI's suit as to the above issues is barred. However, this Court is not completely persuaded by Defendant's position. This Court finds that AAI's protest to the reliquidation as to the alternative argument for a single "macro" functional unit classification approach was proper. AAI is able to invoke this Court's jurisdiction to review Customs' denial of the Reliquidation Protest as to AAI's alternative classification approach claim. Therefore, as to that limited issue, AAI's suit is properly before this Court.

For the purpose of analysis, this Court will examine Defendant's Motion to Dismiss in the context of the two issues raised by AAI in its protests: 1) the application of the Value Advance; and 2) the classification of the subject merchandise. This approach is supported by the fact that in the series of protests and decisions, both Customs and AAI treated each issue

separately.

A. *Value Advance*

It is clear from the language of the Headquarters ruling accompanying Customs' decision on the Initial Protests that the Initial Protests were specifically denied as to the Value Advance issue. Although Customs checked the APPROVED boxes on the forms, Customs added in handwriting that the protests were "Denied in Part see att'd HQ ruling 960755." In examining the language that Customs used in HQ 960755, it is clear that Customs did not change any aspect of its original decision to apply the Value Advance in the reliquidation. Customs specifically stated, "[p]ursuant to [the 1995 Headquarters Ruling], the value advance for research and development cost is proper. With regard to this issue, the protest is denied." (HQ 960755, Pl.'s Compl. Ex. E at 15.)

AAI admits that "Customs denied the [Initial Protests] in their entirety as to the value advance issue." (Pl.'s Br. at 5.) Additionally, AAI concedes that Customs' ruling on the Initial Protests "allowed the protests in part and denied the protests in part." (Pl.'s Mot. for Oral Argument at 3.) Plaintiff remarks that in Customs' decision on the Initial Protests, "with respect to the application of the value advance, Customs denied the protests in their entirety, holding that the 1995 Ruling governed this issue." (*Id.*) AAI fails to reconcile its seemingly contradictory positions. Although AAI admits in its briefs that Initial Protests were denied as to the Value Advance, AAI also states that it was required to wait to file a summons until Customs had ruled on the Reliquidation Protest.

AAI argues that an importer is required to protest a reliquidation as a jurisdictional prerequisite to seeking review in this Court. (Pl.'s Br. at 7-10.) AAI's interpretation of this

Court's precedent is too narrow. AAI cites to a series of cases to support its argument.[2]

However, the cases to which Plaintiff cites are factually distinguishable from the case at bar. In the cited cases, the importers protested the original liquidation as to only one aspect: classification. Therefore, when Customs reclassified the merchandise at reliquidation, necessarily the entire original liquidation as to classification was nullified.[3] In order to challenge the classification in those cases, the importer was required to protest the reliquidation.

However, in the present case, AAI protested two aspects of the original liquidation: valuation and classification. In this case, at reliquidation, Customs only changed the classification of the merchandise under a functional units approach. Customs did not change the application of the Value Advance in the reliquidation.

AAI argues that Customs nullified the entire original liquidation by changing the classification of most of the entries. (Pl.'s Br. at 15.) However, this Court held that under § 1514(c), "the original liquidation [i]s nullified only as to the question with which the reliquidation dealt . . . [a]s to all other matters, not the subject of reliquidation, the original liquidation remain[s] in full effect." *Ataka Am. v. United States*, 79 Cust. Ct. 135, 137 (1977)

---

[2] The plaintiff cites to the following cases in support of its position: *SSK Indus., Inc. v. United States*, 101 F. Supp. 2d 825 (Ct. Int'l Trade 2000); *Mitsubishi Elec. Am., Inc. v. United States*, 865 F. Supp. 877 (Ct. Int'l Trade 1994); *Transflock, Inc. v. United States*, 765 F. Supp. 750 (Ct. Int'l Trade 1991).

[3] In *SSK Industries*, the original liquidation was completely nullified when Customs changed the classification of all of the subject merchandise from 8804.00.00 HTSUS to 8479.89.95. *SSK Indus.*, 101 F. Supp. 2d at 826-827. In *Mitsubishi*, Customs completely nullified the original liquidation when Customs ruled that the merchandise should be reclassified from 8517.81.00 to 8541.40.95 HTSUS. *Mitsubishi Elec. Am.*, 865 F. Supp. at 878-879. In *Transflock*, Customs nullified all aspects of the original liquidation when it reclassified the merchandise under item 256.87 of the Tariff Schedules of the United States. *Transflock*, 765 F. Supp. at 751.

(referencing H. Rep. No. 7, 71st Cong., 1st Sess. at p. 179 (1929)).  Here, the reliquidation dealt only with the question of classification.  As to valuation, the original liquidation remained in full effect.  Therefore, Customs did not nullify the original liquidation as to the application of the Value Advance.  Because the original liquidation remained in full effect as to valuation, AAI was required under § 1514(a) to file a summons in this Court within 180 days of Customs' ruling on the Initial Protests in order to obtain judicial review of Customs' application of the Value Advance.

AAI improperly re-protested its Value Advance claim in the Reliquidation Protest. Subsection 1514(d) states that "[t]he reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the Customs Service upon any question not involved in such reliquidation."  As stated before, the question of the application of the Value Advance was not involved in the reliquidation.

Statutes abrogating the United States' sovereign immunity must be strictly construed. *Sherwood*, 312 U.S. at 590.  Subsection 2636(a)(1) states that if a protest is denied "in whole or in part" the importer must file a summons with this Court within the required time limit.  A strict construction of the statute requires this Court to pay heed to the "in part" language.  Customs' partial denial of AAI's protests, specifically as to the Value Advance issue, warrants a finding that this Court lacks jurisdiction as to AAI's Value Advance claim.  Therefore, AAI's valuation claim is severed and dismissed.

B.  *Classification*

In the Initial Protests, AAI presented two basic alternative classification arguments against Customs' original liquidation:

1.      All items should be classified as one "macro" functional unit of welding machinery or apparatus. (*Attachment B in Support of Initial Protest No. 1101/95/100704* at 2, Pl.'s Compl. Ex. D at 4.)

2.      The items should be classified by groupings or job numbers as functional units of welding equipment or functional units of material handling equipment. (*Id*. at 4, Pl.'s Compl. Ex. D at 6.)

Customs did not accept either alternative approach completely. Rather, Customs accepted most of the second alternative, but partially denied that approach as to certain items. Customs approved most of AAI's alternative argument that the subject merchandise should be classified as functional units of welding equipment or material handling equipment. However, Customs specifically stated that certain items such as safety fences, gauges, etc. did not constitute parts of functional units and as to these items, AAI's alternative classification argument was denied. (HQ 960744, Pl.'s Ex. E at 8-14.)

In applying the standard set forth in *Sanyo Electric*, "the only logically consistent way to determine whether a protest has been denied in part is to see whether any part of the protested decision remains in effect." 81 Cust. Ct. at 115. If any part of the protested decision remains in effect, then the protest has been denied in part. Here, the original classification of the safety fences, material handling jigs, gauges, etc. remained in effect and thus, the protest was denied in part.

Customs stated in HQ 960755 that the classification arguments in the Initial Protest were "ALLOWED in PART and DENIED in PART." (HQ 960755 at 15, Pl.'s Compl. Ex. E at 15.) Customs specifically detailed which aspects of AAI's proposed classifications were accepted and

which aspects were denied.  When denied, Customs stated that the classification was to remain "unchanged" from the classification in the original liquidation.  (*Id*. at 4-15, Pl.'s Compl. Ex. E at 4-15.)

In the Reliquidation Protest, AAI challenged Customs' refusal to include safety fences, gauges, etc. as parts of functional units:  "all items not classified as functional units under the Customs approach as enunciated in [HQ 960755], should be reclassified as either parts of welding equipment or parts of material handling equipment."  (*Attachment B in Support of Reliquidation Protest No. 1101-01-100053* at 4, Pl.'s Compl. Ex. F at 10.)  The classification of these items was unchanged in reliquidation from the original classification.  As § 1514(d) states, "[t]he reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the Customs Service upon any question not involved in such reliquidation."  The question of including these items in a functional units approach was not involved in the reliquidation.  If AAI wanted to challenge Customs refusal to classify the safety fences, gauges, etc. under the functional units approach, AAI's remedy was to file a summons in this Court after Customs' decision on the Initial Protests.  AAI failed to do this.  Therefore, this Court lacks subject matter jurisdiction to review Customs' denial to include such items as parts of functional units of welding equipment or material handling equipment.

However, AAI was correct to wait to file its Reliquidation Protest as to the argument that Customs should have classified the subject merchandise as a single macro functional unit.  As set forth earlier, AAI presented two alternative classification arguments to Customs in the Initial Protests.  This Court has held that when Customs accepts one of an importer's proposed alternative classifications, that acceptance is an approval of the protested classification that must

be protested after reliquidation.  *See Sanyo Elec.*, 81 Cust. Ct. at 115; *see also Bd. of Trs. Of Leland Stanford Junior Coll.*, 948 F. Supp. at 1075; *Transflock*, 765 F. Supp. at 751.  As an approval, the importer must protest the reliquidation and wait for Customs to deny its reliquidation protest before the importer can seek judicial review.  *See Sanyo Elec.*, 81 Cust. Ct. at 115.

As this Court reasoned in *Sanyo Electric*, "[i]f a party's preference for a rejected alternative claim is so strong that it wishes to pursue the claim even following the granting of another alternative claim, then . . . [t]he proper procedure would be for the party to advance its preferred alternative claim in a new protest . . . following the reliquidation of the entry." *Sanyo Elec.*, 81 Cust. Ct. at 115.

In HQ 960755, Customs rejected AAI's proposed alternative classification of the subject merchandise as a single macro functional unit.  (HQ 960755 at 7, Pl.'s Compl. Ex. E at 7.)  At the same time, Customs accepted, with limitations, AAI's other alternative approach to treat the subject merchandise as multiple functional units.  (*Id.*)  Customs' acceptance of this alternative approach was an approval of the protested classification.  This Court agrees with Customs' statement that "the reliquidation concerned only that part of the ruling which allowed the protests." (Def.'s Reply to Pl.'s Br. at 2.)  However, Customs argues that AAI's Reliquidation Protest is invalid because it protests the denied aspects of the Initial Protests.  (Def.'s Br. at 7.)  Customs is incorrect in its analysis.  As stated above, Customs' approval of one alternative classification argument is an approval of the classification claim that must be protested after reliquidation.

In the Reliquidation Protest, AAI argued that it is "logically and legally appropriate to

treat everything imported as a single functional unit." (*Attachment B in Support of Reliquidation Protest No. 1101-01-100053* at 3, Pl.'s Compl. Ex. F at 9.) Further, AAI argued that "the entire imported merchandise is a body assembly line kit" and should be classified as a single functional unit. (*Id.*) Under this Court's precedent, it was proper for AAI to protest the reliquidation and wait for Customs to deny the Reliquidation Protest before filing a summons in this Court seeking review of Customs' chosen classification approach. The Court finds that AAI properly filed a protest to the reliquidation as to Customs' choice between AAI's proposed alternative classification approaches. Therefore, this Court has jurisdiction to decide if Customs properly classified the subject merchandise as functional units.

The Court's holding today is consistent with the Court's holding in *Novell, Inc. v. United States*, 985 F. Supp. 121 (Ct. Int'l Trade 1997). In *Novell*, the importer protested Customs' original liquidation on two grounds: appraisement and duty-free treatment. *Id*. at 122. The importer presented two alternative appraisement approaches to Customs in the protest. *Id*. Customs "granted in part and denied in part" the importer's protest. *Id*. at 122. Customs agreed that the merchandise should be reappraised under one of the importer's alternative appraisement approaches but refused duty-free treatment. *Id*. Before reliquidation, the importer filed a summons in this Court reasserting its original arguments as to appraisement and duty-free treatment. *Id*. at 123. Customs argued that this Court lacked subject matter jurisdiction because the importer failed to protest the reliquidation. *Id*. The Court held that the duty-free claim was properly within the Court's jurisdiction because that claim had been denied by Customs decision on the importer's initial protest. *Id*. However, the Court determined that it lacked subject matter jurisdiction over the appraisement claim. *Id*. at 124. The Court held that because the importer

offered Customs two alternative appraisement approaches in its protest and Customs granted one of the alternative approaches, the protest was considered approved as to appraisement. *Id.* Therefore, the importer should have waited to file a protest to the reliquidation as to the appraisement approach used and then the importer should have filed a summons in the Court. *Id.* at 123-125.

*Novell* is analogous to the present case. Here, AAI protested the original liquidation on two grounds: classification and valuation. In its protest, AAI offered alternative classification approaches. Customs clearly denied AAI's protest as to valuation, just as Customs denied the duty-free claim in *Novell*. Likewise, AAI should have filed a summons in this Court as to the valuation issue after Customs' ruling on the Initial Protests as the importer did in *Novell*. Further, as the Court reasoned in *Novell*, when Customs approved one alternative classification approach, as to that issue, the protests were approved and thus AAI was correct to wait to file a summons until after it had protested the reliquidation.

Lastly, AAI argues in its briefs that the principles of equity require the Court to exercise jurisdiction over the reliquidation entries. (Pl.'s Br. at 15-17.) The Court is unable to consider AAI's equity argument. In suits against the United States, "jurisdictional statutory requirements cannot be waived or subjected to excuse or remedy based equitable principles." *Mitsubishi Elec. Am.*, 865 F. Supp. at 880 (citing *NEC Corp. v. United States*, 806 F.2d 247, 249 (1986)).

However, AAI rightly draws this Court's attention to the fact that our ruling today mandates a complex issue-splitting job for the importer in determining the proper administrative or legal action to take in response to Customs' decisions. To assure that its claim can be heard by this Court, the importer is forced to examine its protests to the original liquidation and

examine even closer Customs' ruling on those protests in order to decipher what has been denied and what has been approved. Although there are simple boxes on the Customs protest forms indicating DENIED, DENIED IN PART, APPROVED, etc., the importer cannot take Customs at its word (or box as it may be) and must look beyond what Customs has checked and examine what Customs actually did in its ruling. Customs does a disservice to the importers when it does not follow its own regulations that mandate that notice of denial of a protest "shall include a statement of the reasons for the denial, *as well as a statement informing the protesting party of the right to file a civil action contesting the denial of the protest.*" 19 C.F.R. § 174.30(a) (2000) (emphasis added). In the present case, this Court found no indication that Customs, in its ruling on the Initial Protests, informed AAI of its right to file such an action contesting the partial denial of the protests.

The Court invites Congress, Commerce, and Customs to reexamine protest, protest denial, liquidation, and reliquidation procedures in order to modify those procedures by statute and or regulation with a view toward the elimination of hyper-technical traps for unwary importers that impose unproductive, improper, and unnecessary burdens on the free flow of commerce.

This Court denies Plaintiff's Motion for Oral Argument because the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the Court's decisional process.

## CONCLUSION

Upon consideration of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Plaintiff's Memoranda in Opposition thereto, and Defendant's Reply Memorandum,

Plaintiff's valuation claim is severed and dismissed and Plaintiff's claim as to classification is limited to consideration of Customs' classification of the subject merchandise as functional units.

Upon consideration of Plaintiff's Motion for Oral Argument, or in the Alternative, Leave to File a Sur-Reply and Defendant's Memoranda in Opposition thereto, and other pertinent papers, Plaintiff's motion is denied.

_____
Gregory W. Carman,
Chief Judge

Dated: November      , 2002
        New York, New York