**AUTOALLIANCE INTERNATIONAL, INC., Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 03–1232.

United States Court of Appeals, Federal Circuit.

Jan. 16, 2004.

Shelby F. Mitchell, Baker & Hostetler LLP, of Washington, DC, argued for plaintiff-appellant. With her on the brief was Samuel L. Hendrix.

Harry A. Valetk, Attorney, Civil Division, Commercial Litigation Branch, United States Department of Justice, International Trade Field Office, of New York, NY, argued for defendant-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General; and David M. Cohen, Director, Commercial Litigation Branch, of Washington, DC; and John J. Mahon, Acting Attorney in Charge, International Trade Field Office, of New York, NY. Of counsel on the brief was Yelena Slepak, Attorney, Bureau of Customs and Border Protection, United States Customs Service, of New York, NY.

Before RADER, BRYSON, and LINN, Circuit Judges.

RADER, Circuit Judge.

The United States Court of International Trade severed and dismissed AutoAlliance International, Inc.'s (AAI's) valuation claim in a dispute over the United States Customs Service's (Customs') treatment of AAI's imported merchandise. *AutoAlliance Int'l, Inc. v. United States,* 240 F.Supp.2d 1315 (Ct. Int'l Trade 2002). Because the Court of International Trade did not err in construing 28 U.S.C. § 2636(a)(1) (2000), this court affirms.

## I.

This case presents the issue of whether the Court of International Trade correctly severed and dismissed for lack of jurisdiction as untimely filed the valuation portion of AAI's reliquidation protest on both valuation and classification. Customs had earlier denied in part, with respect to valuation, AAI's liquidation protest and reliquidated on classification alone.

In 1991, AAI imported nine shipments of automobile production machinery consist-

ing of welding machines and related equipment. In 1995, Customs liquidated the entries. At liquidation, Customs classified the various pieces of imported equipment as separate items of equipment. Additionally, in accordance with a 1995 headquarters ruling, Customs applied a value advance for "design and development" costs for certain items.

AAI protested the liquidation on two grounds. First, AAI challenged Customs' classification. Second, AAI challenged the application of the value advance, arguing that research and development costs associated with automobile parts, the subject of the 1995 headquarters ruling, did not apply to the imported production machinery.

On October 10, 2000, Customs responded to the protests by issuing headquarters ruling Letter No. 960755 (HQ 960755). Regarding valuation, Customs ruled: "Pursuant to [the 1995 Headquarters Ruling], the value advance for research and development cost is proper. With regard to this issue, the protest is denied." Customs thus rejected AAI's value advance argument. On AAI's classification arguments, Customs rejected the importer's claim that all of the merchandise constituted one "macro" functional unit, but agreed that most of the merchandise was classifiable as functional units of welding equipment or functional units of material handling equipment. However, Customs held that certain items, such as safety fences, material handling jigs, and gauges, did not constitute parts of any functional unit and reaffirmed the original classification of these separate items.

On October 27, 2000, Customs reliquidated the entries. At reliquidation, Customs changed the classification of most of the merchandise in accordance with AAI's proposed multiple functional units classification approach, but applied the value advance according to the original liquidation.

On January 25, 2001, AAI protested the reliquidation. AAI disputed Customs' classification and reasserted its position that Customs improperly applied the value advance.

On June 12, 2001, Customs denied AAI's reliquidation protest. Although filed within ninety days after reliquidation, Customs denied the protest as "Untimely Filed." On December 6, 2001, AAI filed a summons in the Court of International Trade challenging the denial of the reliquidation protest. AAI filed that summons within 180 days of the denial of the reliquidation protest, but almost fourteen months after Customs issued its decision on the initial protest.

The Court of International Trade severed and dismissed the value advance claim for lack of jurisdiction, but held that it had jurisdiction to review the classification claim, which it limited in a manner not relevant to this appeal. AAI appealed the Court of International Trade's ruling on the value advance claim to this court, which has jurisdiction under 28 U.S.C. § 1295(a)(5) (2000).

II.

This court reviews jurisdictional determinations of the Court of International Trade without deference. *Xerox Corp. v. United States*, 289 F.3d 792, 793–94 (Fed.Cir.2002). "To the extent jurisdictional facts are in dispute, however, the findings of fact are reviewed for clear error." *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir.1989).

Section 2636 provides the Court of International Trade with jurisdiction over any "civil action contesting the denial, in whole or in part, of a protest under section 515 of the Tariff Act of 1930" so long as the action is "commenced ... within one hundred and eighty days after the date of mailing of notice of denial of a protest

under section 515(a) of such Act." 28 U.S.C. § 2636(a)(1) (2000). Because § 2636(a)(1) operates as a waiver of sovereign immunity, this court must "strictly construe [this statute] in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). To sue the United States, AAI must satisfy § 2636(a) and must file a summons in the Court of International Trade within 180 days of a denial, in whole or in part, of the protest. The parties do not dispute that AAI did not file a summons in the Court of International Trade with respect to Customs' ruling on the initial protest. Instead, the parties dispute whether Customs' ruling on the initial protest was a denial "in whole, or in part" within the meaning of § 2636(a) such that AAI should have filed a summons in Court of International Trade after that ruling. Applying the language of § 2636(a), if the initial protest was denied in whole or in part, AAI was required to commence suit within 180 days after Customs' ruling on the initial protests.

■ The Court of International Trade correctly found that Customs denied AAI's initial protests in part on the issues of the value advance and the classification of the safety fences, material handling jigs, gauges, etc., as parts of functional units. AAI did not file a summons in Court of International Trade within 180 days after Customs' ruling on the initial protest. Thus § 2636(a) bars AAI's suit as untimely on the above issues.

The Court of International Trade considered that AAI raised two issues in its initial protests, value advance and classification. Customs specifically denied the initial protest on the value advance issue. Although Customs checked the APPROVED boxes on the forms, Customs added in handwriting that the protests were "Denied in Part see att'd HQ ruling 960755." In HQ 960755, Customs did not change any aspect of its original decision to apply the value advance in the reliquidation. Customs stated: "Pursuant to [the 1995 Headquarters Ruling], the value advance for research and development cost is proper. With regard to this issue, the protest is denied." At that point, upon denial in part of the protest, the time limit of § 2636(a) began to run.

AAI admitted that "Customs denied the [initial protests] in their entirety as to the value advance issue." Additionally, AAI conceded that Customs' ruling on the initial protest "allowed the protests in part and denied the protests in part." AAI stated that in Customs' decision on the initial protest, "with respect to the application of the value advance, Customs denied the protests in their entirety, holding that the 1995 Ruling governed this issue."

AAI nonetheless contends that, because a reliquidation nullifies the preceding liquidation, an importer must protest a reliquidation under 28 U.S.C. § 1581(a) as a jurisdictional prerequisite to seeking review in the Court of International Trade, even when, as here, the importer seeks review of a ruling in the liquidation that Customs repeated on reliquidation.

■ AAI's premise that a reliquidation necessarily nullifies the preceding liquidation is incorrect. In cases cited by AAI to support its argument, the importers protested the original liquidation as to classification only. *See SSK Indus., Inc. v. United States*, 101 F.Supp.2d 825 (Ct. Int'l Trade 2000); *Mitsubishi Elecs. Am., Inc. v. United States*, 865 F.Supp. 877 (Ct. Int'l Trade 1994); *Transflock, Inc. v. United States*, 765 F.Supp. 750 (Ct. Int'l Trade 1991). When Customs reclassified the merchandise at reliquidation, the entire original liquidation as to classification was nullified. To challenge the classification in those cases, the importer was required to protest the reliquidation. Here, AAI protested two aspects of the original

liquidation: valuation and classification. At reliquidation, Customs changed the classification for certain merchandise. Customs did not change the application of the value advance in the reliquidation.

Under § 1514(c), "the original liquidation [i]s nullified only as to the question with which the reliquidation dealt ... [a]s to all other matters, not the subject of reliquidation, the original liquidation remain[s] in full effect." *Ataka Am., Inc. v. United States*, 79 Cust. Ct. 135, 137 (1977). Here, the reliquidation dealt only with the question of classification. By changing the classification of certain entries, Customs did not nullify the entire original liquidation. The original liquidation remained in full effect as to valuation, and thus § 2636(a)(1) required AAI to file a summons in the Court of International Trade within 180 days of Customs' ruling on the initial protests to obtain judicial review of Customs' application of the value advance.

Subsection 1514(d) states that "[t]he reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the Customs Service upon any question not involved in such reliquidation." 19 U.S.C. § 1514(d) (2000). Because the value advance issue was not involved in the reliquidation, AAI improperly raised that issue in the reliquidation protest.

Subsection 2636(a)(1) states that if a protest is denied "in whole or in part" the importer must file a summons with the Court of International Trade within the required time limit. The Court of International Trade did not err in strictly construing the statute's "in part" language. The Court of International Trade lacked jurisdiction over AAI's value advance claim due to untimely filing. Therefore, the Court of International Trade correctly severed and dismissed AAI's valuation claim.

Finally, the Court of International Trade did not err in rejecting AAIs argu-ment that equity considerations justify tolling the statute of limitations. *See Mitsubishi Elecs. Am. v. United States*, 865 F.Supp. 877, 880 (Ct. Int'l Trade 1994) (In suits against the United States, jurisdictional statutory requirements cannot be waived or subjected to excuse or remedy based on equitable principles.) (citing *NEC Corp. v. United States*, 806 F.2d 247, 249 (Fed.Cir.1986)).

Each party shall bear its own costs.

*AFFIRMED.*