Slip Op. 99 - 19

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - x

BRECOFLEX CO., L.L.C.,                          :

                 Plaintiff, :

          v.                          :

THE UNITED STATES,                          : Court No. 94-06-00318

               Defendant, :

          -and-                          :

MECTROL CORPORATION,                          :

          Intervenor-Defendant. :

- - - - - - - - - - - - - - - - - - - x


Opinion

[Plaintiff's motion for judgment on the pleadings
 denied; action dismissed.]

Decided:  February 19, 1999

    Fitch, King and Caffentzis (Richard C. King) for the plain-
tiff.

    David W. Ogden, Acting Assistant Attorney General; David M.
Cohen, Director, Commercial Litigation Branch, Civil Division,
U.S. Department of Justice (Shalom Brilliant); and Office of
Chief Counsel for Import Administration, U.S. Department of
Commerce (Stacy J. Ettinger), of counsel, for the defendant.

    Grunfeld, Desiderio, Lebowitz & Silverman LLP (David L.
Simon, Andrew B. Schroth and Jeffrey S. Grimson) for the inter-
venor-defendant.

       AQUILINO, Judge:  This is yet another action for

judicial review of a determination of the International Trade

Administration, U.S. Department of Commerce ("ITA") that tests

the availability thereof under the Trade Agreements Act of 1979

and Customs Courts Act of 1980, as amended.

I

The determination for which review is sought herein is reported sub nom. Industrial Belts and Components and Parts Thereof, Whether Cured or Uncured, From Japan; Termination of Circumvention Inquiry of Antidumping Duty Order, 59 Fed. Reg. 23,693 (May 6, 1994), and was engendered by a petition to the ITA from the above-named plaintiff, alleging that Mectrol Corporation was circumventing an antidumping-duty order[1] by first delivering Japanese goods into Mexico for assembly into finished merchandise before importation into the United States. See 58 Fed.Reg. 53,706 (Oct. 18, 1993). After having initiated an inquiry on the merits, the agency came to conclude that

> Brecoflex is not a domestic producer of industrial
> belts and, therefore, is not an interested party
> within the meaning of 19 CFR 353.2(k)(3) entitled
> to file a request for a circumvention inquiry.  As
> such, the Department determines that Brecoflex does
> not have standing to file a request for a circumven-
> tion inquiry against Mectrol.

59 Fed.Reg. at 23,694.

Whereupon, as indicated, the process was terminated, and this action was commenced by the plaintiff by timely filing a summons.  A complaint was filed within 30 days thereof, alleg-ing that the ITA erred as a matter of law

---

[1] See 54 Fed.Reg. 25,314 (June 14, 1989), amended, 54 Fed. Reg. 32,104 (Aug. 4, 1989).

a.    . . . in reversing, without substantial evidence, its prior determination that BRECOflex had standing as a producer to request a circumvention inquiry, which determination was incorporated in ITA's initiation of the inquiry . . ., that initiation being subsequent to Mectrol's specific representation in its August 13, 1992 filing that BRECOflex does not have standing to request an inquiry; . . ..

b.    . . . in combining and confusing BRECOflex's activities as an importer of like merchandise, and importer/producer of merchandise which is not like merchandise, with its activities as a producer of like merchandise.

c.    . . . in basing its determination to terminate the circumvention inquiry on the ITC's analysis of the main production stages in the manufacturing of rubber industrial power transmission belts, and not on the plastic industrial power transmission belts produced in the United States by BRECOflex and imported from Japan *via* Mexico by Mectrol.

d.    . . . in not finding, based on the information before it, that BRECOflex is a domestic producer of industrial power transmission belts.

Complaint, para. 4. Whereas the summons cites 28 U.S.C. §1581(c) as the only predicate of this court's jurisdiction, the complaint also alleges, "alternatively, 28 U.S.C. §1581(i)." Id., para. 1, p. 2.

The plaintiff has now interposed a motion for judgment on this pleading pursuant to CIT Rule 12(c). In bringing this motion, counsel report that they

discussed the issue of jurisdiction with defendant's counsel . . ., advising . . . that, while the first filing had claimed jurisdiction under [§1581]"(c)", after further research and reflection plaintiff's

> counsel had concluded that "(c)" did not cover such
> an action, where there had been no determination,
> and requesting that they pursue with their client
> the possibility of filing an answer under [§1581]
> "(i)" . . ..
>
> As jurisdiction over the present action proper-
> ly lies under "(i)", defendant . . . United States
> was required to file an answer . . . within 60 days.
> Not having done so, the averments of the pleadings
> are admitted.

Plaintiff's Memorandum, pp. 3-4.  In other words, the plaintiff

is claiming judgment on its complaint by default.


The defendant responds that the "source of jurisdiction

in this case is section 1581(c), not 1581(i)"[2], and thereby re-

lies on CIT Rule 12(a)(1)(A)(i), which provides that no answer

be served or filed in an action described in 28 U.S.C. §1581(c).

It takes this position because

> Commerce determined that BRECOflex was a finisher,
> rather than a producer, of industrial belts, and
> that, therefore, it lacked standing to petition
> for the circumvention inquiry.  Accordingly, Com-
> merce terminated the inquiry.  The termination was,
> in effect, a determination by Commerce that indus-
> trial belts from Mexico would remain outside the
> scope of the antidumping order.  Scope determina-
> tions are reviewable pursuant to 19 U.S.C. §1516a-
> (a)(2)(B)(vi) and 28 U.S.C. §1581(c).  . . .   The
> same is true where the effect of such a determina-
> tion results from a decision to terminate a proceed-
> ing.

Defendant's Memorandum, p. 3 (citations omitted).  The defendant

also relies upon CIT Rule 55(e) to the effect that no default

judgment can be entered against the United States unless the

---

[2] Defendant's Memorandum, p. 2.

claimant establishes a right to relief by evidence, which it alleges is not presented by the plaintiff herein.  See id. at 6.

The intervenor-defendant also argues for dismissal of this action, albeit from a different perspective, to wit: (1) Since the plaintiff now waives jurisdiction pursuant to 28 U.S.C. §1581(c), this is not an appropriate case for deciding whether review of termination of an anticircumvention inquiry lies thereunder; and (2) the court lacks jurisdiction under 28 U.S.C. §1581(i) because the plaintiff did not commence this action in accordance with 28 U.S.C. §2632(a).  See Mectrol's Response, pp. 2-5.  Secondarily, it argues that no answer by the government is required in view of this claimed lack of lawful impleading, and hence there is no default; and also that the ITA's termination of the requested inquiry was not arbitrary and capricious within the meaning of 5 U.S.C. §706(2)(A) and 28 U.S.C. §2640(e).  See id. at 5-7.

II

It is axiomatic, of course, that a party plaintiff demonstrate that a court has jurisdiction over its action. E.g., McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Techsnabexport, Ltd. v. United States, 16 CIT 420, 422, 795 F.Supp. 428, 432 (1992).  It is also always necessary that the court determine its jurisdiction irrespective of what parties aver, or even agree among themselves.  Here, as shown

above, the defendant is of the view that the plaintiff properly invoked jurisdiction pursuant to 28 U.S.C. §1581(c) in that scope determinations are subject to judicial review under 19 U.S.C. § 1516a(a)(2)(B)(vi) and the ITA's termination of plaintiff's requested inquiry was the equivalent of such a determination.

This court cannot and therefore does not concur. The section cited, 1516a(a)(2)(B)(vi), which is clearly within the purview of section 1581(c), provides for judicial review of a determination by the ITA as to whether or not a particular type of merchandise is within the class or kind described in an existing antidumping-duty order. The agency made no such determination here. In fact, it concluded that it was not obligated to proceed to even consider that issue, given its analysis of plaintiff's domestic business. On the other hand, had the ITA proceeded as requested by the plaintiff, it would have done so pursuant to another section of the Trade Agreements Act of 1979, as amended, namely, 19 U.S.C. §1677j(b), not 1516a(a)(2)(B)(vi). See 58 Fed.Reg. at 53,706. And that section is not covered by 28 U.S.C. §§ 1581(c) and 2632(c).

Hence, the court concludes, as has the plaintiff[3], that jurisdiction over this kind of action can only be predicated upon 28 U.S.C. §1581(i) since all of the preceding subsections (a to

---

[3] See Plaintiff's Reply passim.

h) of 1581 are "manifestly inadequate"[4].  This being the case

does not mean, however, that the court can also accept plain-

tiff's corollary, namely:

> it would exalt form over substance to require that a
> summons be refiled with a complaint, when such a sum-
> mons had already been filed, properly bringing the
> parties before the court and advising all of the sub-
> ject matter of the litigation, particularly where both
> were filed within a short period which was well within
> the two year period prescribed by the statute of limi-
> tations.

Plaintiff's Reply, pp. 4-5.  No case law is cited for this prop-

osition, but there is legionary precedent that waiver of sover-

eign immunity is always to be strictly construed.  E.g., Lehman

v. Nakshian, 453 U.S. 156, 160-61 (1981), and cases therein.

And the waiver implicated by this action required that it "be

commenced by filing concurrently with the clerk of the court a

summons and complaint".  28 U.S.C. §2632(a).  See CIT Rule 3(a)-

(3).  Clearly, the plaintiff could have done that[5] but chose not

to, which means that this court as a matter of law did not become

---

[4] Miller & Co. v. United States, 824 F.2d 961, 963 (Fed.Cir. 1987), cert. denied, 484 U.S. 1041 (1988).  In Hylsa, S.A. de C.V. v. United States, 21 CIT ___, 960 F.Supp. 320 (1997), aff'd, 135 F.3d 778 (Fed.Cir. 1998), the court in a thorough opinion on the interplay between subsections 1581(c) and (i) in an action like this concluded that the former was not manifestly inade-quate, but the plaintiff therein was praying for a preliminary injunction to enjoin any ITA circumvention inquiry after the agency had already determined pursuant to 19 U.S.C. §1516a(a)-(2)(B)(vi) that the merchandise in question was not within the scope of the underlying antidumping-duty order.

[5] The governing statute, 28 U.S.C. §2632(c), expressly contemplates commencement of an action within the purview of 28 U.S.C. §1581(c) via simultaneous filing of a summons and complaint.

properly possessed of subject-matter jurisdiction.  <u>See</u>, <u>e.g.</u>, <u>NEC Corporation v. United States</u>, 806 F.2d 247 (Fed.Cir. 1986) (Court of Int'l Trade jurisdiction not subject to equitable exceptions); <u>Georgetown Steel Corp. v. United States</u>, 801 F.2d 1308 (Fed.Cir. 1986)(Court of Int'l Trade had no jurisdiction over complaint filed 43 days after timely filing of summons); <u>Nature's Farm Products, Inc. v. United States</u>, 10 CIT 676, 648 F.Supp. 6 (1986), <u>aff'd</u>, 819 F.2d 1127 (Fed.Cir. 1987)(receipt by Customs of duties owed after filing of summons undermined court's jurisdiction); <u>Washington Red Raspberry Comm'n v. United States</u>, 11 CIT 173, 657 F.Supp. 537 (1987) (court lacked jurisdiction over cross-claim sought to be asserted beyond time to commence direct action against ITA); <u>MBL (USA) Corp. v. United States</u>, 14 CIT 161, 733 F.Supp. 379 (1990)(court lacked jurisdiction over claims sought to be asserted against Int'l Trade Comm'n via amended complaints filed in underlying action against ITA).

III

In view of the foregoing, plaintiff's motion for judgment on the pleadings must be denied and this action dismissed.  Judgment will enter accordingly.

Decided:  New York, New York
          February 19, 1999

_____
                                        Judge