**Slip Op. 05-115**

## UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: GREGORY W. CARMAN

| | |
|---|---|
| AUTOALLIANCE INTERNATIONAL, INC. <br><br>      Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br>      Defendant. | Court No. 01-01070 |

[Defendant's Motion to Sever and Dismiss Count II of Plaintiff's [Amended] Complaint is granted.]

Dated: August 30, 2005

*Baker & Hostetler, LLP* (*Shelby F. Mitchell and Elizabeth A. Scully*), Washington, D.C., for Plaintiff.

*Peter D. Keisler,* Assistant Attorney General; *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, U.S. Department of Justice; *Saul Davis* and *Aimee Lee*, Civil Division, Commercial Litigation Branch, U.S. Department of Justice, for Defendant.

**OPINION**

**Carman, Judge**: Pursuant to United States Court of International Trade ("CIT") Rule 12(b)[1], Defendant, the United States, moves to sever and dismiss Count II of Plaintiff's Amended Complaint for lack of subject matter jurisdiction. (Def.'s Mot. to Sever and Dismiss Count II of Pl.'s Compl. ("Def.'s Mot.") at 1.) Plaintiff asserts that this Court has jurisdiction over Count II of its Amended Complaint pursuant to 28 U.S.C. § 1581(i). Defendant claims the Court lacks jurisdiction over Plaintiff's claim because, among other reasons, 1) Plaintiff had adequate remedy under 28 U.S.C. § 1581(a), but Plaintiff failed to timely file its claim and 2) Plaintiff failed to follow procedural prerequisites of 28 U.S.C. § 1581(i). This Court finds that it does not have jurisdiction over Plaintiff's Amended Complaint and severs and dismisses Count II of Plaintiff's Amended Complaint.

**BACKGROUND**

The case before this Court already has a long procedural history and the Court has yet to reach the substance of the matter. The facts of this case were discussed in AutoAlliance Int'l, Inc. v. United States ("AAI1"), 26 CIT 1316, 240 F. Supp. 2d 1315 (2002). In 1991, Plaintiff, AutoAlliance International, Inc. ("Plaintiff" or "AAI"), imported several shipments of welding machines and related equipment. Id. at 1316. The United States Customs Service ("Customs")[2]

---

[1]Defendant also cited CIT Rules 5 and 7 in its motion. However, the substantive rule controlling this matter is CIT Rule 12(b).

[2]The United States Customs Service is now part of the Department of Homeland Security and is known as the Bureau of Customs and Border Protection.

liquidated the entries in August 1995, classifying each imported item separately and applying a value advance for "design and development" costs. Id. at 1316-17.

AAI protested Customs' liquidation of its importations of welding machines and related equipment on two separate grounds: classification and valuation, specifically the imposition of the value advance.[3] Id. at 1317. Customs issued its decision on AAI's protest in a Headquarters ruling. HQ 960755 (Aug. 15, 2000). In the ruling, Customs partially granted AAI's protest with regard to classification and denied it in full with regard to valuation. AAI1, 26 CIT at 1317. Customs reliquidated AAI's entries in October 2000. Id. at 1318. The reliquidation affected the classification of some imported items but left their valuation unchanged, including the imposition of the value advance that AAI challenged in its protest. Id. In January 2001, AAI protested the reliquidation of the entries, again challenging the classification and valuation of the imported items. Id. Although filed within the requisite ninety-day (90) period after reliquidation, in June 2001, Customs denied – as untimely filed – the protest concerning the reliquidated entries. Id. On December 6, 2001, AAI filed a summons and complaint in this Court to dispute the denial of the protest concerning the reliquidated entries. Id. The summons was filed within one hundred eighty (180) days of the denial of the protest concerning the reliquidated entries but nearly fourteen (14) months after Customs denied the protest of the original entries, in which Customs denied AAI's protest concerning the value advance. Id.

Plaintiff's Complaint asserted two causes of action: one related to the value advance and the other related to the tariff classification of AAI's imported items. In AAI1, this Court severed

---

[3]The Court notes that multiple protests were filed in this case. (Pl.'s Am. Compl. at 6.) The number and filing dates are not in dispute. (Pl.'s Am. Compl. at 10.) For simplicity, the Court refers to the subject protests collectively as "protest."

and dismissed the value advance claim for lack of subject matter jurisdiction but held subject

matter jurisdiction for part of the classification claim.  AAI1, 26 CIT at 1329.  This Court

severed and dismissed AAI's value advance claim because Plaintiff did not file a summons with

this Court concerning the value advance within the statutorily-established period of one hundred

eighty (180) days following the mailing of notice denying its protest.  Id. at 1325; 28 U.S.C. §

2636(a)(1) (2000)[4].  The case was stayed pending Plaintiff's appeal of this Court's decision

concerning its subject matter jurisdiction over the value advance claim.  The Court of Appeals

for the Federal Circuit ("Federal Circuit") upheld this Court's severance and dismissal of the

valuation claim from Plaintiff's case.  AutoAlliance Int'l, Inc. v. United States, 357 F.3d 1290

(Fed. Cir. 2004) ("AAI2").[5]

On May 28, 2004, Plaintiff filed its Amended Complaint, which again contained two

counts.  Count I of Plaintiff's Amended Complaint in substance remains unchanged and relates

to the classification of certain imported equipment used in the assembly of automobiles.  (Pl.'s

Am. Compl. at 14.)  Count I is not currently at issue.  Count II of Plaintiff's Amended Complaint

relates to the value advance imposed by Customs and the agency's procedural and administrative

---

[4]28 U.S.C. § 2636(a) states in relevant part that

A civil action contesting the denial, in whole or in part, of a protest under section
515 of the Tariff Act of 1930 is barred unless commenced in accordance with the
rules of the Court of International Trade –
      (1)     within one hundred and eighty days after the date of mailing of
              notice of denial of a protest under section 515(a) of such Act . . . .

[5]The CAFC's decision in AAI2 is not relevant to the matter now before this Court.

handling thereof. AAI claims that this Court has jurisdiction over Count II based upon 28 U.S.C. § 1581(i) ("§ 1581(i)").[6]

When Defendant failed to timely answer or otherwise plead to Plaintiff's Amended Complaint, Plaintiff moved for and was granted by this Court's Clerk of Court entry of default against Defendant. This Court set aside the entry of default. <u>AutoAlliance Int'l, Inc. v. United States</u>, 28 CIT __, 350 F. Supp. 2d 1244 (CIT 2004). Defendant then filed its Motion to Sever and Dismiss Count II of Plaintiff's [Amended] Complaint, which motion is currently before this Court.

The specific contentions of the parties in support of their positions are discussed below.

### PARTIES' CONTENTIONS

I.     <u>Plaintiff's Contentions</u>

Plaintiff argues that it has standing and has adequately pleaded a timely cause of action in Count II of its Amended Complaint pursuant to the Administrative Procedure Act ("APA").

---

[6]28 U.S.C. § 1581(i) (2000) states in relevant part that

In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section . . ., the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—
* * *
    (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
* * *
    (4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section.
* * *

(Pl.'s Opp'n to Def.'s Mot. to Sever & Dismiss Count II of Pl.'s Compl. ("Pl.'s Opp'n") at 2-5.)

In support thereof, Plaintiff notes that Customs failed to produce documents requested pursuant

to the Freedom of Information Act ("FOIA"), never had a rational basis for applying the value

advance, and failed to conduct further administrative review of the denied 2001 protest as

required by Customs regulation.  (Pl.'s Opp'n at 3-4.)  Plaintiff submits that Customs' actions

were "arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law"

and are the type of wrongs the APA is designed to redress.  (Pl.'s Opp'n at 4.)[7]

Plaintiff filed Plaintiff's Supplemental Memorandum of Law in Further Support of Its

Opposition to Defendant's Motion to Sever and Dismiss Count II of Plaintiff's Complaint

("Supplemental Memo"), in which Plaintiff reasserted the viability of its APA claim based upon

this Court's opinion in Int'l Custom Prod. v. United States, Slip Op. 05-71, 2005 Ct. Int'l Trade

LEXIS 74 (CIT June 15, 2005).  In the Supplemental Memo, Plaintiff adds the claim that it

asserted its APA claim as soon as practicable.  (Pl.'s Supplemental Mem. of Law in Further

Supp. of Its Opp'n to Def.'s Mot. to Sever & Dismiss Count II of Pl.'s Compl. at 2.)

Plaintiff further asserts that the Court has jurisdiction to hear Count II of its Amended

Complaint pursuant to 28 U.S.C. § 1581(i)(4).  (Pl.'s Opp'n at 5-7.)  AAI claims that § 1581(i)

confers jurisdiction on this Court because "AAI's claim does not contest the denial of a protest,

but concerns Customs' administrative actions and failure to follow its procedures and regulations

when assessing a duty and thereafter handling AAI's protest."  (Pl.'s Opp'n at 5.)  According to

AAI, its "claim addresses the fundamental principle that Customs should be required to follow its

---

[7]Because the Court does not have jurisdiction over Plaintiff's claim, it does not reach the issue of whether Plaintiff stated a justiciable cause of action under the APA.

governing procedures and regulations and cannot act arbitrarily and capriciously." (Pl.'s Opp'n at 5.) Plaintiff argues that § 1581(i) jurisdiction is proper when a party challenges an agency's failure to follow its procedures and regulations. (Pl.'s Opp'n at 6 (citing Jilin Henghe Pharm. Co. v. United States, 342 F. Supp. 2d 1301 (CIT 2004)).)

II.     Defendant's Contentions

Defendant argues that this Court is precluded from reviewing any aspect of Customs denial of a protest when the civil action is not commenced timely. (Def.'s Mot. at 3-4 (citing 28 U.S.C. § 2636(a) ("§ 2636(a)"); 19 U.S.C. § 1514(a)[8] ("§ 1514(a)")).) Defendant points out that the Federal Circuit stated that § 2636(a) must be strictly construed because it is a waiver of sovereign immunity. (Def.'s Mot. at 4 (quoting AAI2, 357 F.3d at 1293.) According to Defendant, Congress "'barred' any civil action contesting the denial of a protest, unless the civil action was commenced within 180 days 'after the date of mailing of notice of denial of a protest under section 1515(a) . . . or within 180 days after the date of denial of a protest by operation of law' . . . ." (Def.'s Mot. at 4 (internal citations omitted).)

Defendant points out that Congress intended that liquidations become final and conclusive unless the complaining party meets two prerequisites: (1) the party files a timely protest; and (2) the party files a timely summons to the CIT. (Def.'s Mot. at 7.) Defendant quotes the following language from the legislative history of § 1514 in support of its contention:

---

[8]Customs decisions, "including the legality of all orders and findings entering into the same, as to – (1) the appraised value of merchandise . . . shall be final and conclusive . . . unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade [within one hundred eighty (180) days after the date of mailing of notice of denial of a protest]. . . ." 19 U.S.C. § 1514(a) (emphasis added).

> Section 514 of the Tariff Act of 1930 [19 U.S.C. § 1514(a)] is also amended to provide that administrative decisions set forth in section 514(a) shall be final and conclusive on all persons, including the United States and any officer thereof, unless a protest is filed in accordance with this section *and, in the event that such a protest is denied in whole or in part, unless a civil action contesting such denial is commenced in the United States Customs Court[9] in accordance with sections 2631 and 2632 of title 28 of the United States Code.*

(Def.'s Mot. at 7 (quoting H.R. Rep. No. 91-1067, at 26 (1970)) (emphasis in Defendant's brief; footnote added).)  Defendant also notes that reliquidation does not subject an entry to a protest of any issue involved in the reliquidation.  (Def.'s Mot. at 5.)  Defendant asserts that protest of a reliquidated entry is limited only to those issues involved in the reliquidation.  (Def.'s Mot. at 6.)

Defendant further argues "that § 1581(i) cannot be used as a basis for jurisdiction in this Court over an action that could have been timely brought" under another jurisdictional provision. (Def.'s Mot. at 8.)  Defendant claims that § 1581(i) is a residual jurisdictional provision "that can only be used when [28 U.S.C.] § 1581(a)[10] and the protest procedure cannot be used, or that procedure is manifestly inadequate."  (Def.'s Mot. at 8 (footnote added).)  In addition, Defendant asserts that § 1581(i) cannot be used to circumvent the limitations and requirements of § 1581(a) and the protest procedure.  (Def.'s Mot. at 8.)

Defendant also notes that Count II of Plaintiff's Amended Complaint does not set forth "any new ground in support" of its challenge to Customs' denial of the reliquidated entries as

---

[9]The Customs Courts Act of 1980, Pub. L. No. 96-417, 94 Stat. 1727 (1980), expanded the Customs Court's jurisdiction and renamed the Customs Court as the United States Court of International Trade.

[10]28 U.S.C. § 1581(a) (2000) grants the CIT "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930."

required by 28 U.S.C. § 2638.[11] (Def.'s Mot. at 9.) As such, Defendant suggests that Count II of Plaintiff's Amended Complaint does not state a cognizable claim.

In its reply brief, Defendant argues that the decisions in AAI1 and AAI2 should control in this case because the allegations of Count II of Plaintiff's Amended Complaint and the prayer for relief "are materially identical." (Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Sever & Dismiss Count II of Pl.'s Compl. & All Claims & Allegations Relating in Any Fashion to Pl.'s Claim or Contention That the Value Advance Imposed by U.S. Customs & Border Protection Was Not Valid ("Def.'s Reply") at 4.) Defendant further notes that Plaintiff failed to prove that the remedy that would have been available to it under § 1581(a) was manifestly inadequate. (Def.'s Reply at 5.) In addition, Defendant points out that "Plaintiff would have been able to assert **all** of its claims and contentions under [the protest/§ 1581(a)] procedure had it timely filed the civil action contesting the denial of the value claim at the administrative level. Plaintiff's failure to timely file a civil action does not render the procedure inadequate, let alone manifestly inadequate." (Def.'s Reply at 6 n.6.)

Defendant further argues that this Court lacks jurisdiction pursuant to § 1581(i) over Count II of Plaintiff's Amended Complaint because Plaintiff failed to commence its civil action

---

[11]28 U.S.C. § 2638 (2000) states as follows:

In any civil action under section 515 of the Tariff Act of 1930 in which the denial, in whole or in part, of a protest is a precondition to the commencement of a civil action in the Court of International Trade, the court, by rule, may consider any new ground in support of the civil action if such new ground—
 (1) applies to the same merchandise that was the subject of the protest; and
 (2) is related to the same administrative decision listed in section 514 of the Tariff Act of 1930 that was contested in the protest.

under § 1581(i) by the concurrent filing of a summons and complaint as required by 28 U.S.C. § 2632(a).[12] (Def.'s Reply at 8.) According to Defendant, Plaintiff's failure to concurrently file a summons and complaint "must result in dismissal of a § 1581(i) action for lack of jurisdiction." (Def.'s Reply at. 9 (citing Wash. Int'l Ins. Co. v. United States, 25 CIT 207, 138 F. Supp. 2d 1314 (2001); Brecoflex Co., L.L.C. v. United States, 23 CIT 84, 44 F. Supp. 2d 225 (1999)).)

Defendant also submits that "the APA does not provide an independent jurisdictional basis for review of an agency decision, where there are specific statutory provisions that delineate the jurisdiction, and limitations present in the waiver of sovereign immunity." (Def.'s Reply at 10 (citing Christopher Vill., L.P. v. United States, 360 F.3d 1319 (Fed. Cir. 2004)).) Defendant asserts that the APA does not provide means for relief "where the party could have originally sued for the relief its seeks, but failed to do so." (Def.'s Reply at 12.) According to Defendant, Plaintiff would have had adequate relief under § 1581(a) had it timely filed a summons after the partial denial of its 2001 protest. (Def.'s Reply at 12.) Defendant, therefore, challenges Plaintiff's APA claim because this Court – Defendant alleges – lacks subject matter jurisdiction. (Def.'s Reply at 12-13.)

## STANDARD OF REVIEW

The party seeking to invoke this Court's jurisdiction has the burden of establishing such jurisdiction. Old Republic Ins. Co. v. United States, 14 CIT 377, 379, 741 F. Supp. 1570 (1990), (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)); Cedars-Sinai Med.

---

[12]28 U.S.C. §2632(a) (2000) states that with limited exception "a civil action in the Court of International Trade shall be commenced by filing concurrently with the clerk of the court a summons and complaint . . . ." (Emphasis added.)

Ctr. v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993). In this case, Plaintiff bears the burden of establishing jurisdiction.

When reviewing a motion to dismiss pursuant to USCIT Rule 12(b)(1), the court must determine whether the moving party is attacking the sufficiency of the jurisdictional pleadings or the factual basis for the court's jurisdiction. Power-One, Inc. v. United States, 23 CIT 959, 962 n.9, 83 F. Supp. 2d 1300 (1999). If a motion to dismiss refutes or contradicts the plaintiff's jurisdictional allegations, the court treats the motion as questioning the factual basis for the court's subject matter jurisdiction. Cedars-Sinai, 11 F.3d at 1583; see also Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1558-59 (9th Cir. 1987) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1363, at 653-54 (1969)). "In such a case, the allegations in the complaint are not controlling, and only uncontroverted factual allegations are accepted as true for purposes of the motion." Cedars-Sinai, 11 F.3d at 1583 (internal citations omitted); see also Power-One, 23 CIT at 962 n.9. All other facts underlying the jurisdictional claims are in dispute and are subject to fact-finding by this Court. Cedars-Sinai, 11 F.3d at 1584; Power-One, 23 CIT at 962 n.9. Thus, a court may review evidence outside the pleadings to determine facts necessary to rule on the jurisdictional issue. Cedars-Sinai, 11 F.3d at 1584.

If the Rule 12(b)(1) motion to dismiss involves factual issues that relate to the merits of the plaintiff's case, the court should review the motion as it would a motion for summary judgment. Trentacosta, 813 F.2d at 1558. The court construes a motion to dismiss based upon the sufficiency of the jurisdictional pleadings in the light most favorable to the pleader. Cedars-Sinai, 11 F.3d at 1583; see also Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

grounds by <u>Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Power-One</u>, 23 CIT at 962 n.9.  When reviewing such a motion, "the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." <u>Trentacosta</u>, 813 F.2d at 1558 (quotation and citation omitted).  The moving party will prevail on a motion to dismiss if the nonmoving party failed to sufficiently allege an essential element of its case for which the nonmoving party has the burden of proof.  <u>Id.</u>  To over come its burden, the nonmoving party cannot rest on its allegations and must present extraneous evidence to support its jurisdictional claims.  <u>Id.</u>

If after a review of the pleadings and extrinsic evidence, any doubt remains whether this Court has jurisdiction to hear this action, the Court will refrain from granting Defendant's motion to dismiss.  <u>See</u> <u>Hamlet v. United States</u>, 873 F.2d 1414, 1416 (Fed. Cir. 1989) (<u>citing</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) (stating that a complaint should only be dismissed if the plaintiff cannot prove any set of facts that would entitle the plaintiff to relief)).

In the present case, Defendant's Rule 12(b)(1) motion to dismiss challenges the basis of AAI's allegations of jurisdiction.  Specifically, Defendant is questioning AAI's assertion that this action is properly before this Court.  Accordingly, only the uncontroverted facts will be accepted as true.  Based upon such uncontroverted facts and the reasoning that follows, this Court finds that it does not have jurisdiction to hear Count II of Plaintiff's Amended Complaint.  Accordingly, Count II of Plaintiff's Amended Complaint is dismissed with prejudice.

DISCUSSION

The court must always determine its jurisdiction over matters before it, even if the parties agree to such. Brecoflex, 23 CIT at 86. To that end, the plaintiff must demonstrate that the court has jurisdiction, and the court reviews the matter to determine whether the plaintiff met its burden. See id.

I.      Plaintiff Failed to Satisfy the Procedural Prerequisites to Gain § 1581(i) Jurisdiction.

In federal courts, subject matter jurisdiction is established when the suit is filed, which subsequent events cannot alter. Wash. Int'l Ins. Co. v. United States, 25 CIT 207, 218, 138 F. Supp. 2d 1314 (2001). "[T]his rule is primarily intended to prevent the manipulation of federal jurisdiction, promote judicial efficiency, and constrain the use of strategic behavior by litigants." Id. In customs litigation, the jurisdiction of this Court is determined when the summons is filed. Id. In order to properly bring a suit under § 1581(i) of this Court's jurisdiction, the plaintiff must file the summons and complaint concurrently. 28 U.S.C. § 2632(a). In adherence to the statutory mandate of § 2632(a), this Court adopted Rule 3(a):

> A civil action is commenced by filing with the clerk of the court:
> (1)     A summons in an action described in 28 U.S.C. § 1581(a) or (b);
> (2)     A summons, and within 30 days thereafter a complaint, in an action described in 28 U.S.C. § 1581(c) to contest a determination listed in section 516A(a)(2) or (3) of the Tariff Act of 1930 or;
> (3)     A summons and complaint in all other actions.

USCIT R. 3(a) (emphasis added).

This Court has previously addressed the issue of the procedural requirement to concurrently file the summons and complaint in a § 1581(i) case. See Brecoflex, 23 CIT at 84.

In Brecoflex, the plaintiff filed a petition with the International Trade Administration ("ITA") alleging that a foreign manufacturer was illegally circumventing an existing antidumping duty order. The ITA concluded that the plaintiff had no standing to request a circumvention inquiry. Id. Thereafter, the plaintiff filed a timely summons with this Court. Id. The summons predicated the court's jurisdiction on 28 U.S.C. § 1581(c)[13] ("§ 1581(c)"). Id. at 85. Thirty (30) days after filing the summons, the plaintiff filed a complaint. Id. at 84. The complaint alleged that the court's jurisdiction was proper under either § 1581(c) or, alternatively, § 1581(i). Id. at 85. The court concluded "that jurisdiction over this kind of action can only be predicated upon 28 U.S.C. § 1581(i) since all of the preceding subsections (a to h) of 1581 are 'manifestly inadequate'." Id. at 87 (citing Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987)). In dismissing the case, the court stated that the action was only properly commenced through the concurrent filing of a summons and complaint. Id. The court reasoned that – because the plaintiff could have filed a concurrent summons and complaint but chose not to do so – the "court as a matter of law did not become properly possessed of subject-matter jurisdiction." Id.

This Court addressed a similar situation in Washington International, 25 CIT at 207. In that case, the plaintiff initiated its case in 1992 by filing a summons with the CIT. Wash. Int'l, 25 CIT at 212. Two years later the plaintiff filed its complaint, which contained three counts and claimed that the court had jurisdiction over all counts under § 1581(a) or, alternatively, under § 1581(i). Id. at 212-13. The court determined that Counts II and III of the plaintiff's complaint

---

[13]28 U.S.C. § 1581(c) (2000) states that "[t]he Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A of the Tariff Act of 1930."

could not be brought under § 1581(a) because the plaintiff failed to file a protest concerning the subject entries and, therefore, failed to meet a procedural prerequisite for § 1581(a) jurisdiction. Nevertheless, Count I was allowed to proceed under § 1581(a). Id. at 219. In granting the government's motion to dismiss Counts II and III of the plaintiff's complaint, the court stated that "it is extremely difficult for a party to join claims raised under 28 U.S.C. § 1581(a) and 28 U.S.C. § 1581(i) in a single action and, as such, these divergent claims are typically raised in separate lawsuits." Id. at 220. The court further noted that if a plaintiff does wish to join § 1581(a) and § 1581(i) issues in a single case, the plaintiff must comply with the procedural requirements of both types of cases. Id. "Failure to do so will preclude the Court from exercising jurisdiction over what otherwise would be a legitimate legal claim." Id.

The case currently before this Court is – in all relevant respects – similar to Brecoflex and Washington International. On December 6, 2001, Plaintiff filed a summons and complaint. Plaintiff filed its Amended Complaint on May 28, 2004, more than two years after the summons was filed. Although Plaintiff concurrently filed its original complaint and summons, the original complaint did not attach § 1581(i) subject matter jurisdiction to Plaintiff's claims. Plaintiff's failure to plead § 1581(i) as a possible jurisdictional ground now precludes this Court from jurisdiction over Plaintiff's claim. Nothing in the intervening period between the original Complaint and the Amended Complaint changes the fact that Plaintiff had the opportunity to file a concurrent summons and complaint in December 2001 alleging that this Court had subject matter jurisdiction over Plaintiff's claims pursuant § 1581(a) and § 1581(i). Plaintiff's failure to file a concurrent summons and complaint that alleged § 1581(i) jurisdiction is sufficient to divest

this Court of subject matter jurisdiction over Count II of Plaintiff's Amended Complaint.

Accordingly, Defendant's Motion to Sever is granted.

II.     Even Had Plaintiff Fulfilled the Procedural Prerequisites to Obtain § 1581(i) Jurisdiction Over Count II of Its Amended Complaint, This Court Would Nevertheless Fail to Have Subject Matter Jurisdiction.

The procedural deficiency of Plaintiff's failure to file a concurrent summons and complaint is sufficient to preclude subject matter jurisdiction in this Court over Count II of Plaintiff's Amended Complaint.  For the reasons that follow, this Court also finds that it would lack subject matter jurisdiction even if Plaintiff had fulfilled the concurrent filing procedural prerequisite of § 1581(i).

A.      The APA is not an independent grant of subject matter jurisdiction.

The APA entitles "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" to judicial review of the agency action.  5 U.S.C. § 702 (2000).  While the APA establishes a cause of action for an aggrieved party's claims, it does not create an independent basis of subject matter jurisdiction for this Court to hear the claims.  Kidco, Inc. v. United States, 4 CIT 103, 104 (1982); Cherry Lane Fashion Group, Inc. v. United States, 13 CIT 291, 296, 712 F. Supp. 190 (1989), aff'd, 897 F.2d 539 (Fed. Cir. 1990).  Plaintiff's assertion that this Court has jurisdiction over this matter pursuant to 5 U.S.C. § 702 (Am. Compl. at 1) is simply incorrect.

Federal courts have limited jurisdiction.  Norcal/Crosetti Foods, Inc. v. United States, 963 F.2d 356, 358 (Fed. Cir. 1992).  In order for this Court to have jurisdiction over Plaintiff's

claims, "the government must have waived sovereign immunity to suit." Christopher Vill., 360 F.3d at 1327. The APA provides for judicial review of claims to "'set aside agency action . . . found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' 5 U.S.C. § 706(2)(A) (2004), when the suit calls for 'relief other than money damages,' id. § 702, but only if 'there is no other adequate remedy,' id. § 704 (emphasis added)." Christopher Vill., 360 F.3d at 1327. Accordingly, the APA restricts the government's waiver of sovereign immunity to those circumstances in which "no other adequate remedy" exists. Id.

Plaintiff cannot rest on its allegations and must present extraneous evidence to support its jurisdictional claims. Trentacosta, 813 F.2d at 1558. However, Plaintiff did not allege and otherwise failed to establish that "no other adequate remedy" was available to redress Plaintiff's claim as required by 5 U.S.C. § 704. Therefore, the jurisdictional basis for Plaintiff's APA claim under 5 U.S.C. § 702 also must fail.

> B. Plaintiff failed to establish that other jurisdictional provisions of § 1581 were "manifestly inadequate."

Plaintiff also claims this Court has subject matter jurisdiction over Count II of its Amended Complaint pursuant to 28 U.S.C. § 1581(i). Congress defined the jurisdiction of the Court of International Trade in 28 U.S.C. § 1581 (2000). "Subsections (a)-(h) [of 28 U.S.C. § 1581] delineate particular laws over which the Court of International Trade may assert jurisdiction." Norcal/Crosetti, 963 F.2d at 358 (citation omitted). "Subsection § 1581(i) is a 'catch-all' provision, allowing the [CIT] to take jurisdiction over designated causes of action founded on other provisions of law." Id. at 359. However, the jurisdiction of this Court pursuant

to § 1581(i) is strictly limited.  The provision is not intended to create new causes of action; it only confers subject matter jurisdiction on the court.  Customs Courts Act of 1980, Pub. L. No. 96-417, § 1581(i), 1980 U.S.C.C.A.N. 3759 (codified at 28 U.S.C. § 1581(i)).

Section 1581(i) "grants the court residual jurisdiction of any civil action arising out of the enforcement or administration of the customs laws."  Thyssen Steel Co. v. United States, 13 CIT 323, 328, 712 F. Supp. 202 (1989) (quotation and citation omitted).  Normally, "[w]here a litigant has access to the court by traditional means, such as under § 1581(a), it must avail itself of that avenue of approach and comply with all relevant prerequisites."  Id. (emphasis added).  A litigant "cannot circumvent the prerequisites [of another jurisdictional subsection] by invoking jurisdiction under § 1581(i), unless the remedy provided under another subsection of § 1581 would be manifestly inadequate . . . ."  Id. (quotation and citations omitted) (emphasis added). The party asserting § 1581(i) jurisdiction has the burden of demonstrating the manifest inadequacy of the remedies available in subsections (a) through (h).  Id.

       1.     Plaintiff had recourse under § 1581(a) for its claim.

Section 1581(a) grants the CIT "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part."  This jurisdiction is not limited to consideration merely of the agency's legal conclusion in denying the protest.  In hearing a § 1581(a) case, the court may also consider the procedures Customs followed in administering its protest decision.  See Am. Air Parcel Forwarding Co., Ltd v. United States, 718 F.2d 1546, 1551 (Fed. Cir. 1983) ("[T]he issue of violation of a regulation can be raised in a protest and

subsequent civil action.")[14]; Miller & Co., 824 F.2d at 964, ("Under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a, the procedural correctness of a countervailing duty determination, as well as the merits, are subject to judicial review."). The government correctly points out that "Plaintiff would have been able to assert **all** of its claims and contentions under [the § 1581(a)] procedure had it timely filed the civil action contesting the denial of the value claim at the administrative level." (Def.'s Reply at 6 n.6.) See 19 U.S.C. § 1514(a)[15]; 28 U.S.C. § 2638.[16]

This Court has no reason to believe nor has Plaintiff alleged that it would have been unable to discover the facts upon which it bases its APA claim had it timely filed a § 1581(a) suit concerning the denial of its protest related to the value advance. In fact, Plaintiff may have uncovered those facts more quickly during the discovery allowed in a § 1581(a) proceeding. It is clear, too, that § 28 U.S.C. § 2638 permits this Court to consider any new grounds, such as the APA claim, during the course of litigation. Plaintiff would also have had the opportunity to

---

[14]American Air Parcel was a Hong Kong-based company that shipped made-to-measure clothing to the United States. At the urging of American Air Parcel, Customs issued an internal advice ruling that valued the imported clothing on the basis of the manufacturers' transactions rather than the much higher resale price to the U.S. customer. One year later, Customs revoked the internal advice upon which American Air Parcel had relied and retroactively assessed duty on unliquidated entries at the higher U.S. customer price. The importer sought to challenge the retroactivity of the ruling revocation before the Court of International Trade. After Customs liquidated entries pursuant to the ruling revocation and after the time to file protests therefor had expired, the plaintiffs brought their case under 28 U.S.C. §§ 1581(h) and (i). The Court of International Trade dismissed the plaintiffs' case for lack of jurisdiction. Am. Air Parcel Forwarding Co., Ltd., v. United States, 5 CIT 8, 557 F. Supp. 605 (1983). The Court of Appeals affirmed, stating that "the traditional avenue of approach to the court under 28 U.S.C. § 1581(a) was not intended to be so easily circumvented, whereby it would become merely a matter of election by the litigant." Am. Air Parcel, 718 F.2d at 1550.

[15]See supra note 8.

[16]See supra note 11.

amend its complaint – had it been timely filed – to allege a newly discovered cause of action. See USCIT R. 15(a).

Because Plaintiff had an adequate remedy available under § 1581(a), Plaintiff must demonstrate why that remedy was "manifestly inadequate" in order to obtain jurisdiction under § 1581(i). As explained below, Plaintiff failed to demonstrate why the § 1581(a) proceeding is now manifestly inadequate. Therefore, Count II of Plaintiff's Amended Complaint must be dismissed.

    2.    Section 1581(a) is not manifestly inadequate.

In the matter before the Court, Plaintiff made no attempt to establish the manifest inadequacy of the other subsections of § 1581, which may have enabled it to properly invoke § 1581(i) jurisdiction. Instead, Plaintiff attempted to analogize its situation to a case recently before this court in which the court found jurisdiction under § 1581(i) on grounds other than manifest inadequacy. (Pl.'s Opp'n at 6.) Plaintiff's attempt is unconvincing. Indeed, the only case relied upon by Plaintiff in support of its position – Jilin Henghe Pharm. Co. v. United States – was vacated and remanded by the appellate court. 342 F. Supp. 2d at 1301, vacated & remanded, 123 Fed. Appx. 402 (Fed. Cir. 2005).[17] Therefore, this Court need not – in fact cannot – consider the case persuasive, let alone precedential.

---

[17]Even if Jilin were still good law, this Court would not be persuaded by Plaintiff's argument. In Jilin, the court found that no other subsection of § 1581 provided subject matter jurisdiction over the plaintiff's claim (a challenge to liquidation instructions issued by the Department of Commerce to Customs). 342 F. Supp. 2d at 1306. Therefore, the court found that subject matter jurisdiction over plaintiff's claim was proper under § 1581(i). Id. at 1306-07. In the present matter, Plaintiff had recourse under § 1581(a); thus, resort to § 1581(i) is unnecessary and inappropriate.

Plaintiff cannot correct its own error of having failed to file a timely summons to challenge Customs' denial of its protest related to the value advance claim by invoking the residual jurisdiction of this Court. Any harm inflicted upon Plaintiff was of its own making and not the result of inadequate availability of administrative or judicial remedy under the normal § 1581(a) procedure. See Royal Bus. Mach., Inc. v. United States, 69 CCPA 61, 669 F. 2d 692 (1982).

In Royal Business Machines, the plaintiff sought to challenge the inclusion of products it imported in the scope of a final antidumping duty order issued by the Department of Commerce ("Commerce"). The plaintiff participated in the antidumping duty review and put forth its argument that its imported product should not be covered by the scope of the review or order. Commerce rejected the plaintiff's argument and included its imported product within the scope of the final order even though the plaintiff's product was classified differently than the other products within the scope of the final order. After the final order was published, the plaintiff sought administrative redress. Upon exhausting its efforts at administrative remedy, the plaintiff filed suit in the Court of International Trade more than six (6) months after the final antidumping duty order was published. The plaintiff alleged standing and jurisdiction based upon 5 U.S.C. § 702, 28 U.S.C. § 1581(i), 28 U.S.C. § 2631(i), and 28 U.S.C. § 1585. The court dismissed the plaintiff's complaint for lack of subject matter jurisdiction because the plaintiff failed to file its suit within thirty (30) days after publication of the final antidumping duty order as required by 19 U.S.C. § 1516a. The Court of Customs and Patent Appeals[18] ("CCPA") affirmed the Court of

---

[18]The Court of Customs and Patent Appeals was the predecessor to the Court of Appeals for the Federal Circuit.

International Trade's decision. The CCPA stated that any action to challenge the inclusion of the plaintiff's product within the scope of "the antidumping duty order had to be brought within thirty days after date of publication of the order in the Federal Register. This not having been done, we hold that [the plaintiff's] action was properly dismissed." Royal Bus. Mach., 669 F.2d at 702.

Similarly, although Plaintiff attempted further administrative recourse of its valuation claim prior to commencing litigation, Plaintiff was under a statutory obligation to file its suit before this Court within one hundred eighty (180) days from the denial of its protest. 19 U.S.C. § 1514(a); 28 U.S.C. § 2636(a)(1). Plaintiff failed to do so. As in Royal Business Machines, this Court cannot retain subject matter jurisdiction over Plaintiff's value advance claim. Accordingly, Count II of Plaintiff's Amended Complaint is dismissed.

## CONCLUSION

Upon consideration of Defendant's Motion to Sever and Dismiss Count II of Plaintiff's [Amended] Complaint, Plaintiff's Opposition to Defendant's Motion to Sever and Dismiss Count II of Plaintiff's [Amended] Complaint, and Defendant's Reply to Plaintiff's Opposition, and for the reasons stated herein, this Court grants Defendant's Motion to Sever and Dismiss Count II of Plaintiff's [Amended] Complaint. Accordingly, Count II of Plaintiff's Amended Complaint is dismissed with prejudice. Further, Plaintiff shall be required to file by September 1, 2005, an amended complaint removing Count II of its Amended Complaint and all factual allegations related thereto.

/s/        Gregory W. Carman
Gregory W. Carman
Judge

Dated: August 30, 2005

New York, New York