**Slip Op. 08-98**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS**

_____
                                         :
UNIPRO FOODSERVICE, INC.,                :
                                         :
            Plaintiff,                   :
                                         :
        v.                               :   Court No.:  05-00562
                                         :
UNITED STATES,                           :
                                         :
            Defendant.                   :
_____:


**Held**: Defendant's motion to dismiss plaintiff's complaint for lack of jurisdiction pursuant to USCIT R. 12(b) is granted.  Case dismissed in its entirety.


                        Dated:  September 17, 2008


Saul Ewing LLP, (Jeffrey S. Levin) for UniPro Foodservice Inc., Plaintiff.

Gregory G. Katsas, Assistant Attorney General; Barbara S. Williams, Attorney-in-Charge, International Trade Field Office; Marcella Powell, Civil Division, Commercial Litigation Branch, United States Department of Justice; Of Counsel, Yelena Slepak, Office of the Assistant Chief Counsel, United States Bureau of Customs and Border Protection, for the United States, Defendant.

## OPINION

**TSOUCALAS, Senior Judge:** Defendant United States Bureau of Customs and Border Protection[1] ("Defendant" or "Customs") moves to dismiss the complaint on the ground that it lacks subject matter jurisdiction pursuant to USCIT R. 12(b)(1). For the reasons set forth herein, Defendant's motion is granted.

## DISCUSSION

### I. Background

Plaintiff UniPro Food Service, Inc. ("UniPro" or "Plaintiff") commenced this action pursuant to § 515 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1515, contesting Customs' denial of Protest No. 1303-04-100195 regarding 94 entries of canned pineapple fruit ("CPF") from Thailand entered during the periods July 1, 1996 through June 30, 1997 ("second administrative review") and July 1, 1997 through June 30, 1998 ("third administrative review"), and liquidated on July 30, 2004. See Compl. ¶ 1. The subject merchandise was exported from Thailand by Siam Food Canning (1988) Co., Ltd. ("SIFCO"). See Compl. ¶ 2. UniPro was the importer of record. See id.

---

[1] The Bureau of Customs and Border Protection was renamed United States Customs and Border Protection, effective March 31, 2007. See Name Change From the Bureau of Immigration and Customs Enforcement to U.S. Immigration and Customs Enforcement, and the Bureau of Customs and Border Protection to U.S. Customs and Border Protection, 72 Fed. Reg. 20,131 (Apr. 23, 2007).

At the time subject merchandise was entered, imports of CPF from Thailand were subject to an antidumping order.  See Canned Pineapple Fruit from Thailand, 60 Fed. Reg. 36,775 (July 18, 1995).  SIFCO, however, was not a mandatory respondent in the original investigation and was not subject to the first administrative review.  See Compl. ¶ 12.   Therefore, SIFCO's entries made during the second and third administrative review periods were subject to a cash deposit requirement for estimated dumping duties at the "all others" rate from the underlying antidumping investigation.  See id.  In this case, the "all others" rate was 24.64 percent.

SIFCO participated in the second and the third administrative reviews.  See id. ¶¶ 13, 14.  In those reviews, the United States Department of Commerce ("Commerce") calculated a weighted-average dumping margin of 5.41 percent ad valorem, 63 Fed. Reg. 43,661 (Aug. 14, 1998), and 3.32 percent ad valorem, 64 Fed. Reg. 69,481 (Dec. 13, 1999), respectively.  On June 24, 2004, Commerce issued liquidation instructions for Customs to assess antidumping duties at the cash deposit rate in effect on the date of entry.  See id. ¶ 5.  Pursuant to Commerce's instructions, Customs liquidated the entries at issue at the "all others" cash deposit rate of 24.64 percent ad valorem on July 30, 2004.  See id. ¶ 6.

In late October of 2004, UniPro filed protest no. 1303-04-100195.  See id. ¶ 8.  The basis for UniPro's protest was that the subject entries should not have been liquidated at the "all others"

cash deposit rate because SIFCO was a reviewed producer and exporter for purposes of the second and third administrative review periods.  See Protest No. 1303-04-100195.  Instead, UniPro argued that the entries from SIFCO should have been liquidated at an importer-specific assessment rate and that Commerce must have made an error in its liquidation instructions.  See id.

On April 8, 2005, Customs denied UniPro's protest on the ground that "[t]his issue, ITA calculations or findings, is not protestable under 19 U.S.C. §§ 1514 or 1520 because it was reviewable under 19 U.S.C. § 1516a." Compl. ¶ 8.  On September 28, 2005, UniPro initiated the instant action by filing a summons. See id. ¶ 9.  UniPro sought this Court's jurisdiction pursuant to 28 U.S.C. §§ 1581(a) and 2636(a).  See id. Subsequently, on April 12, 2007, UniPro filed a complaint seeking this Court's jurisdiction pursuant to 28 U.S.C. § 1581(i).  See Compl. ¶ 11.  On December 26, 2007, Customs filed its motion to dismiss this action for lack of jurisdiction.  See Mem. In Supp. Of Def.'s Mot. To Dismiss For Lack of Jurisdiction Pursuant To R. 12(b) ("Def.'s Mem.").  On January 30, 2008, UniPro filed its response.  See Mem. In Supp. Of Pl.'s Resp. To Def.'s Mot. To Dismiss For Lack Of Jurisdiction ("Pl.'s Resp. Br."). On March 24, 2008, Customs filed its reply. See Reply Mem. In Further Supp. Of Def.'s Mot. To Dismiss For Lack of Subject Matter Jurisdiction Pursuant to R. 12(b) ("Def.'s Reply").

## II. The Parties' Contentions

### A. Defendant's Contentions

Customs' main contention is that UniPro may not challenge Commerce's June 24, 2004 liquidation instructions by filing a protest to Customs because it is not a protestable decision under 19 U.S.C. § 1514(a).  See Def.'s Mem. at 5-7.  Customs thus argues that this Court lacks jurisdiction under 28 U.S.C. § 1581(a).

Specifically, Customs points to the language of 28 U.S.C. § 1581(a) which states that a protest can only be filed against a Customs decision.  See id. at 5.  According to Customs, Commerce calculated and determined antidumping duties, and Customs merely completed a ministerial task in collecting the antidumping duties. See id. at 6.  Since such a passive activity does not constitute a Customs decision, Customs argues that it cannot be the basis for a valid protest under 19 U.S.C. § 1514(a).  See id.  In the absence of a valid protest, Customs urges this Court to dismiss this action for lack of jurisdiction.

Customs admits that 28 U.S.C. § 1581(i)[2] provides the proper jurisdictional basis to challenge the lawfulness of Commerce's liquidation instructions. See id. at 7-8. However, it argues that UniPro's claim fails because it did not file the summons and complaint concurrently as required by 28 U.S.C. § 2632(a) and USCIT R. 3(a). See id. Because UniPro filed its summons on September 28, 2005 and complaint on April 12, 2007, and not concurrently as

---

[2] The statute provides that:

In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for –

(1) revenue from imports or tonnage;
(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
(3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
(4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section.

This subsection shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable either by the Court of International Trade under section 516A(a) of the Tariff Act of 1930 or by a binational panel under article 1904 of the North American Free Trade Agreement or the United States-Canada Free-Trade Agreement and section 516A(g) of the Tariff Act of 1930.

28 U.S.C. § 1581.

required by § 2632(a) and USCIT R. 3(a), Customs states that this Court is precluded from exercising jurisdiction under section 1581(i).  See id. at 10.

**B. Plaintiff's Contentions**

UniPro maintains that this Court has proper jurisdiction under 28 U.S.C. § 1581(a).  See Pl.'s Resp. Br. at 6.  Specifically, UniPro points to 19 U.S.C. § 1514(a)(3), which includes as one of the enumerated grounds for a valid protest that "all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury" other than ordinary customs duties.  See id. at 5-6.  UniPro contends that assessment of antidumping duties in a sum certain, as is the case here, is properly characterized as a charge or exaction within the meaning of § 1514(a)(3).  See id. at 6.

UniPro notes that Customs denied its April 8, 2005 protest on the ground that it is reviewable under 19 U.S.C. § 1516a.  See id. at 5.  However, UniPro explains that the "normal" avenue for pursuing judicial review of Commerce's final results was unavailable.  See id.  According to UniPro, Commerce transmitted liquidation instructions almost six years after the publication of the final results of the second period of review and more than four years after the final results of the third period of review.  See id.  Since 19 U.S.C. §1516a requires an action challenging Commerce's final determination to be commenced within 30 days after

the date of publication in the Federal Register, UniPro argues that it was deprived of an opportunity to seek review of the final results because of an impermissible delay on the part of Commerce in issuing the liquidation instructions.  See id.

### III.  Jurisdiction

Title 28 section 1581(a) of the United States Code confers this court "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930."  Title 19 section 1514(a) of the United States Code sets forth an exclusive list of protestable Customs decisions, which includes a provision covering:

> decisions of the Customs Service, including the legality of all orders and findings entering into the same, as to – (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury – shall be final and conclusive upon all persons . . . unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade.  19 U.S.C. § 1514(a)(3).

Plaintiff relies on Alberta Gas Chemicals, Inc. v. Blumenthal, 82 Cust. Ct. 77, 81-82, 467 F. Supp. 1245, 1249-50 (1979), for the proposition that charges and exactions are "assessments of specific sums of money (other than ordinary customs duties)."  Plaintiff argues that it disputed an assessment of antidumping duties in a sum certain separate and apart from ordinary customs duties, which

must be characterized as a charge or exaction. Plaintiff goes on to argue that its protest was thus valid.

It is less than clear that assessment of antidumping duties constitutes a charge or exaction under section 1514(a)(3) as Plaintiff contends. It is, however, unnecessary for the Court to clarify this question because this case lacks a necessary precursor to a valid protest – a Customs decision. See United States Shoe Corp. v. United States, 114 F.3d 1564, 1569 (Fed. Cir. 1997), aff'd, United States v. United States Shoe Corp., 523 U.S. 360 (1998); Mitsubishi Elec. Am., Inc. v. United States, 44 F.3d 973 (Fed. Cir. 1994); American Nat'l Fire Ins. Co. v. United States, 30 CIT __, 441 F. Supp. 2d 1275 (2006).

"'[D]ecisions' of Customs are substantive determinations involving the application of pertinent law and precedent to a set of facts, such as tariff classification and applicable rate of duty." United States Shoe Corp., 114 F.3d at 1569. Calculation of antidumping duties is performed by Commerce and involves no decision by Customs. See Mitsubishi Elec. Am., Inc., 44 F.3d at 976; American Nat'l Fire Ins. Co., 441 F. Supp. 2d at 1285. Moreover, "entry liquidation is a Customs function, it is not always a Customs decision." American Nat'l Fire Ins. Co., 441 F. Supp. 2d at 1285. "Customs' role in liquidating entries subject to [antidumping duty] orders is merely ministerial," id. at 1285, and when "Customs liquidates an entry to collect antidumping duties per

Commerce's instructions, it possesses no discretion in the matter,"
id. at 1286.

It is likewise the case here that Commerce calculated the
antidumping duties.  Customs merely followed Commerce's liquidation
instructions and made no decision which Plaintiff could validly
protest.  Thus, this case lacks the necessary Customs decision for
a valid protest under 19 U.S.C. § 1514(a)(3), and this Court lacks
jurisdiction under 28 U.S.C. § 1581(a).

Although UniPro complains that it was deprived of an
opportunity to redress the alleged errors in Commerce's liquidation
instructions, it could have sought this Court's jurisdiction under
28 U.S.C. § 1581(i).  See e.g., Consolidated Bearings Co. v. United
States, 348 F.3d 997, 1002 (Fed. Cir. 2003)(holding that subsection
1581(i) jurisdiction was proper for a challenge to the lawfulness
of liquidation instructions).   Indeed, Plaintiff did belatedly
file a complaint claiming jurisdiction under 28 U.S.C. § 1581(i).
Unfortunately, Plaintiff failed to comply with 28 U.S.C. § 2632(a)
and USCIT R. 3(a) which require concurrent filing of a summons and
complaint.  Here, UniPro filed its summons on September 28, 2005,
but did not file a complaint until April 12, 2007.[3]  Because

---

[3]     It appears that even if UniPro had concurrently filed
the summons and complaint, its claim would have been time-barred.
An action brought pursuant to 28 U.S.C. § 1581(i) must be
commenced within two years after the cause of action first
accrues.  Plaintiff's cause of action accrued on June 24, 2004
when Commerce issued the liquidation instructions.  See Compl. ¶
5.  However, UniPro's complaint was not filed for almost three

(continued...)

Plaintiff failed to file a summons and complaint concurrently, this Court is precluded from exercising jurisdiction under 28 U.S.C. § 1581(i).  See e.g., American National Fire Ins. Co., 441 F. Supp. 2d 1275, 1283, n. 8 (strictly construing 28 U.S.C. § 2632(a) and USCIT R. 3(a)); Washington Int'l Ins. Co. v. United States, 25 CIT 207, 138 F. Supp. 2d 1314 (2001); Autoalliance Int'l. Inc. v. United States, 29 CIT 1082, 398 F. Supp. 2d 1326 (2005).  The Court has carefully considered Plaintiff's alternative arguments, but find that they do not merit discussion.

## CONCLUSION

Based on the foregoing, Defendant's motion to dismiss for lack of jurisdiction is granted.  Case is dismissed.

                                          /s/ Nicholas Tsoucalas
                                          NICHOLAS TSOUCALAS
                                          SENIOR JUDGE

Dated:     September 17, 2008
           New York, New York

---

(...continued)
years after its cause of action accrued.